JOSEPH A. GALLO *vs.* COMMONWEALTH.

Suffolk.   October 2, 1961. — December 22, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, CUTTER, KIRK, & SPIEGEL, J.J.

*Practice, Criminal,* Waiver of trial by full jury. *Superior Court,* Jurisdiction. *Waiver.*

After one of the twelve jurors had become ill and been excused during the trial in 1960 of a noncapital criminal case in the Superior Court,

that court had jurisdiction to continue the trial with eleven jurors. [399, 401–402]

An oral agreement by counsel for the defendant in a noncapital criminal case, announced by the judge in open court in the presence of the defendant, to proceed with eleven jurors after one of the jurors had become ill and been excused during the trial was not a compliance with the requirement in G. L. c. 234, § 26A, of a written waiver and request filed with the clerk, and was ineffectual, so that on writ of error following a conviction and sentence the judgment must be reversed, the verdict set aside, and the case remanded to the Superior Court for further proceedings.  [399, 402]

PETITION for writ of error filed in the Supreme Judicial Court for the county of Suffolk on January 16, 1961.

The case was reserved and reported by *Williams, J.*

The case was argued in October, 1961, before *Wilkins,* C.J., *Spalding, Cutter, Kirk, & Spiegel,* JJ., and afterwards was submitted on briefs to all the Justices.

*William P. Homans, Jr., (Walter Powers, Jr.,* with him,) for the petitioner.

*James W. Bailey,* Assistant Attorney General, for the Commonwealth.

WILKINS, C.J.    This proceeding on writ of error is reported without decision by a single justice upon the petition, the assignment of errors, the return of the Chief Justice of the Superior Court, the answer, and a stipulation as to the facts and issues of law.   G. L. (Ter. Ed.) c. 211, § 6.

The petitioner was indicted and convicted on three indictments:  one for armed robbery; another for burglary, being armed, and making an assault; and a third for conspiracy to break and enter in the night time.   He was sentenced to a term of from six to eight years on the first, and to a term of from three to five years on the second, to be served from and after the sentence on the first.   The third was placed on file.   He is now serving the first sentence.

On February 17, 1960, during the course of the trial of the petitioner and four codefendants before a jury, one of the twelve jurors became ill and was excused.   The trial judge called counsel into chambers, where they all, including counsel for the petitioner, agreed to continue the trial with eleven jurors.   No written waiver of the right to be

tried by a jury of twelve nor any written request for trial by the remaining members of the jury was signed by the petitioner or any of his codefendants and filed with the clerk. The trial judge informed the jury in open court in the presence of the petitioner that all counsel agreed to proceed with eleven jurors.

General Laws c. 234, § 26A, inserted by St. 1945, c. 428, § 1, provides in part: ''Any defendant in the superior court in a criminal case, including a capital case, after a jury has been impanelled may, in case one or more jurymen shall die or become otherwise unable to serve, so that there are less than twelve jurors remaining, waive his right to be tried by a full jury of twelve and request trial by the remaining members of the jury thus impanelled by signing a written waiver and request and filing the same with the clerk of the court, whereupon the trial shall continue accordingly, and in every such case the court shall have jurisdiction of such case with the remaining members of the jury and may render judgment thereon.'' The question for decision is whether the waiver of the full jury of twelve in the case at bar was nugatory for failure to comply with the writing and filing provisions of this statute.

The case has been argued as though the result depends upon whether the Superior Court had jurisdiction to continue the trial with only eleven jurors. The original contemplation of art. 12 of the Declaration of Rights was a jury of twelve composed exclusively of men.[1] *Commonwealth* v. *Dorsey,* 103 Mass. 412, 418. *Commonwealth* v. *Welosky,* 276 Mass. 398, 401. See *Commonwealth* v. *Bellino,* 320 Mass. 635, 640. This constitutional right could be waived. *Jones* v. *Robbins,* 8 Gray, 329, 341. *Commonwealth* v. *Kemp,* 254 Mass. 190, 191–192. *Commonwealth* v. *Rowe,* 257 Mass. 172, 175–176. *Commonwealth* v. *Millen,* 289 Mass. 441, 465. *DeGolyer* v. *Commonwealth,* 314 Mass. 626, 629–631. *Commonwealth* v. *Moniz,* 336 Mass. 178, 180.

In the *Rowe* case, *supra,* decided in 1926, the defendants

---

[1] Women were made eligible by St. 1949, c. 347, § 1, which amended G. L. c. 234, § 1.

in two indictments, one charging felonies and misdemeanors and one charging a misdemeanor, in writing waived their right to a jury, and were found guilty of some of the charges by a judge of the Superior Court. This court reversed the convictions, and held that the Superior Court lacked jurisdiction, because our statutes had made "the jury a constituent part of the tribunal for the determination of disputed facts whenever a defendant pleaded not guilty to an indictment, whether that indictment charged felony or misdemeanor . . ." (257 Mass. 172, 180).

The statutes interpreted were three in number. One was G. L. c. 263, § 6, as it stood in 1925, which then read, "A person indicted for a crime shall not be convicted thereof except by confessing his guilt in open court, by admitting the truth of the charge against him by his plea or demurrer or by the verdict of a jury accepted and recorded by the court." Another was G. L. c. 278, § 2, which then read, "Issues of fact joined upon an indictment or complaint shall, in the superior court, be tried by a jury drawn and returned in the manner provided for the trial of issues of fact in civil causes." The third was G. L. c. 277, § 71, which was and still is as follows: "If a defendant upon arraignment refuses to plead or does not confess the indictment to be true, the court shall order a plea of not guilty to be entered, and shall thereupon proceed as if he had pleaded not guilty. It shall not be necessary in any case to ask a prisoner how he will be tried."

The *Rowe* case concluded by saying (pages 180–181): "It is true that the Superior Court, although created by statute, is a court of general jurisdiction . . . but this does not prevent specific limitation of its powers by statute. Such limitation does exist. The Legislature, which imposed the limitation, can remove it. In so doing, it will be acting within its constitutional powers, as the right of the accused to a jury trial on disputed facts will not be lessened."

The Legislature thereupon enacted St. 1929, c. 185, which amended the first two statutes quoted above. Section 1 added the following at the end of G. L. c. 263, § 6: "or, in

any criminal case other than a capital case, by judgment of the court rendered as hereinafter provided. Any defendant in the superior court in a criminal case other than a capital case, whether begun by indictment or upon complaint, may, if he shall so elect, when called upon to plead, or later and before a jury has been impanelled to try him upon such indictment or complaint, waive his right to trial by jury by signing a written waiver thereof and filing the same with the clerk of the court, whereupon he shall be tried by the court instead of by a jury . . . and in every such case the court shall have jurisdiction to hear and try such cause and render judgment and sentence thereon." Statute 1929, c. 185, § 2, added at the end of G. L. c. 278, § 2, "unless the person indicted or complained against elects to be tried by the court as provided by law."

It was against this background of judicial decision and legislative history that the Legislature enacted G. L. c. 234, § 26A, inserted by St. 1945, c. 428, § 1, quoted above. See Twentieth Report of the Judicial Council (1944), Pub. Doc. 144, p. 7. By 1945 the limited tribunal described in the *Rowe* case had been enlarged. The jury for all except capital cases was no longer a "constituent part" of that tribunal. The Legislature had consciously conferred upon the Superior Court a jurisdiction which in the *Rowe* case was said to be lacking. The "specific limitation of its powers by statute" had been removed except in capital cases. As § 26A itself makes no reference to G. L. c. 263, § 6, as amended, the latter section can no longer be said to define and limit the only methods of trying criminal cases on indictments in the Superior Court.

The question now becomes whether the particular phraseology of § 26A first deprives the court of jurisdiction automatically the instant a juryman dies or otherwise becomes unable to serve, and then reconfers it conditionally upon the completion of a waiver and request in the precise terms of the statute, that is to say, in a writing signed by the defendant and filed with the clerk. We are of opinion that this sort of interregnal lapse of jurisdiction was not intended. The trial started properly with a full jury. See

*Commonwealth* v. *Dailey,* 12 Cush. 80; *Commonwealth* v. *Rowe,* 257 Mass. 172, 180; *Commonwealth* v. *Lawless,* 258 Mass. 262. The illness of a juror was a fortuitous circumstance. While the defendant and his counsel were having the opportunity to determine whether to proceed with the remaining jurors, the trial judge should not be treated as having completely lost jurisdiction of a case which by the performance of a simple act, might "continue accordingly." We construe § 26A as not achieving such a result, and are of opinion that the words, "in every such case the court shall have jurisdiction," were included in an abundance of caution, probably because of their presence in St. 1929, c. 185, § 1. We conclude, therefore, that the Superior Court had jurisdiction to continue the trial with eleven jurors.

It does not follow, however, that the oral waiver by counsel was valid. The Legislature could, and did, express a definite policy as to the method to be followed before trials could continue with less than twelve jurors. To avoid unnecessary controversy and to provide a procedural safeguard, this method required a written waiver and request of the defendant himself to be filed with the clerk. What occurred was not a compliance and was ineffectual.

> *Judgments reversed.*
> *Verdicts set aside.*
> *Cases remanded to the Superior*
> *Court for further proceedings.*