Ravelli *v.* Vassar.

---

NANCY RAVELLI & others *vs.* CHARLES J. VASSAR, JR.

Worcester. October 5, 1962. — November 2, 1962.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Jury and Jurors. Practice, Civil,* Mistrial.

In an action in which the jury found for the defendant, there was no error prejudicial to the plaintiffs in the denial of a motion for a mistrial made by them when, after the judge had been informed during the trial "of an acquaintance between the defendant and the foreman of the jury" and had been told by the plaintiffs' attorney that he would proceed with eleven jurors, the plaintiffs' attorney asked whether the foreman was to be excused and the judge replied "We will see"; or in the subsequent denial of a second motion by the plaintiffs for a mistrial made after the trial had continued for an hour and ten minutes with the foreman still sitting and the plaintiffs had rested and after the judge had interrogated the foreman in the lobby and excused him during a recess and the trial had thereupon proceeded with eleven jurors over objection by the plaintiffs' attorney.

TORT. Writ in the Superior Court dated August 6, 1959. The jury found for the defendant at the trial before *Meagher, J.* The plaintiffs alleged exceptions.

The case was submitted on briefs.

*Robert V. Mulkern* for the plaintiffs.

*Gerald F. O'Neill, Jr.* (*Thomas J. Donahue* with him) for the defendant.

Ravelli *v.* Vassar.

CUTTER, J. Trial of this case started on February 15, 1961. At 11:35 A.M. on February 16, counsel for the defendant informed the judge and counsel for the plaintiffs that he had "learned of an acquaintance between the defendant and the foreman of the jury." The plaintiffs' attorney told the judge that he would proceed with eleven jurors. He then inquired whether the foreman was to be excused and the judge replied, "We will see." The plaintiffs thereupon filed a motion for a mistrial which was denied subject to the plaintiffs' exception.

The foreman continued to sit. At 12:45 P.M. the judge interrogated the foreman in the lobby in the presence of a stenographer and then excused him.

At 2 P.M. the judge announced that the juror had been excused. A new foreman was appointed. Counsel for the plaintiffs then said, "[W]hen I filed my motion for a mistrial, . . . [the judge] asked me if I would go on with eleven at that time, and I said I would. We have been continuing with . . . [the first foreman] on the jury, with . . . three witnesses, and now after the noon recess . . . [the judge] has excused . . . [the first foreman] and I, at this time, told the . . . [judge] I do not wish to continue with eleven."

The judge ordered that the trial proceed and the plaintiffs excepted. A new motion for a mistrial was denied, subject to the plaintiffs' exception. The jury found for the defendant.

With the consent of the plaintiffs, the case could proceed with eleven jurors. See *Commonwealth* v. *Dailey,* 12 Cush. 80, 82–83; *Gallo* v. *Commonwealth,* 343 Mass. 397, 401–402, and cases cited. Cf. *Rich* v. *Finley,* 325 Mass. 99, 105–107. The record inadequately and obscurely states the precise sequence of events when the matter of the juror's acquaintance with the defendant was first discussed, and when the first motion for a mistrial was presented. Upon this bill of exceptions the plaintiffs have not established that the waiver of a jury of twelve was effectively conditioned upon the immediate discharge of the juror in question. After such a waiver, the judge, in his discretion, could properly

proceed with the trial for a time with the juror present. In view of the short interval of time involved, it was not inappropriate to wait, as he did, until the plaintiffs rested. If the plaintiffs had not presented sufficient evidence to take the case to the jury, it would probably have been unnecessary for the judge to have taken any action with reference to the juror. Moreover, the judge was warranted in accepting the plaintiffs' waiver and in acting upon it at the first routine recess in the trial, after verifying the circumstances. Excusing the juror at that time also avoided embarrassing him unnecessarily.

The plaintiffs do not argue that any actual prejudice resulted from the presence of the foreman from 11:35 A.M. to 12:45 P.M. Nothing in the record suggests that the judge's action was in fact prejudicial to the plaintiffs.

*Exceptions overruled.*