COMMONWEALTH *vs.* FELIX ABREU. May 3, 1983. The defendant appeals from the judgment on indictment no. 016591. The only issues raised are (1) the failure of the judge to hold a colloquy as required by *Ciummei v. Commonwealth*, 378 Mass. 504, 509-511 (1979) (see *Commonwealth v. Gonzalez*, 388 Mass. 865, 869 n.8 [1983]) and (2) ineffective assistance of counsel. The latter issue is without merit. As to the first issue: upon receiving the defendant's signed waiver of his right to a jury trial, the only

question the judge asked him was, "Do I understand that you have waived your right to a trial by jury and you want to have the case heard by a single justice?" That question was barely an approach to the colloquy mandated by *Ciummei* at 509-510. The statement of counsel, made at the time of sentencing, that he knew his client "didn't want to go with a jury" is of no assistance to the Commonwealth as it is only a statement of counsel, not of the defendant, as required by *Ciummei.* The trial in this case took place nine months after the rescript issued in *Ciummei,* more than ample time for the judge and the prosecutor to be aware of the simple (and by no means novel) procedure mandated in that case. See *Commonwealth* v. *Thompson, ante* 974 (1983).

> *Judgment reversed.*
> *Finding set aside.*

*Barry P. Wilson* for the defendant.
*Judy G. Zeprun,* Assistant District Attorney, for the Commonwealth.