## COMMONWEALTH *vs.* FELIX ABREU.

Suffolk. February 9, 1984. — May 9, 1984.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Constitutional Law,* Waiver of trial by jury. *Practice, Criminal,* Waiver of trial by jury.

In a criminal proceeding, a colloquy between the judge and the defendant, in which the judge merely inquired, "[D]o I understand that you have waived your right to trial by jury and you want to have the case heard by a single justice through the interpreter?", and received an affirmative reply, was not sufficient, in the absence of any other evidence, to support a finding that the defendant's waiver of his right to trial by jury was voluntary and intelligent. [778-780]

INDICTMENT found and returned in the Superior Court on January 17, 1978.

The case was heard by *Flaksman, J.,* a District Court judge sitting under statutory authority.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Barry P. Wilson* for the defendant.

*Judy G. Zeprun,* Assistant District Attorney, for the Commonwealth.

HENNESSEY, C.J. The defendant, Felix Abreu, was found guilty in a jury-waived trial of possession of a class B controlled substance with intent to distribute, and was sentenced to serve from seven to ten years at the Massachusetts Correctional Institution at Walpole.[1] He appealed to the Appeals Court which

[1] The defendant was also found guilty at the same trial of unlawful possession of a firearm and defacing the serial number on a firearm. The indictments on these charges, 016590 and 016678, were placed on file by the judge after findings of guilty. We note, in the interest of judicial economy, although we need not address it on this specific appeal, that the findings

reversed the judgment of the Superior Court and set aside the finding of guilty. *Commonwealth* v. *Abreu,* 15 Mass. App. Ct. 1006 (1983). The Commonwealth filed an application for further appellate review and we allowed it. On appeal, the defendant claims that the colloquy conducted by the trial judge, contemporaneously with accepting his waiver of the right to trial by jury, fell short of what he says is required by our decision in *Ciummei* v. *Commonwealth,* 378 Mass. 504 (1979). We agree that the record, including the colloquy and all relevant circumstances relating to the proceedings before the judge, does not establish a voluntary and intelligent waiver of the right to a jury trial, and that a new trial must be granted. Accordingly, we do not need to reach the defendant's second argument that he was denied effective assistance of counsel.

The issue presented by this case is much the same as that addressed by another decision issued today in *Commonwealth* v. *Schofield, ante* 772 (1984). We must review whether the rule we established in *Ciummei* has been correctly applied by the judge to the facts before him.

The entire "colloquy" conducted by the judge before accepting the defendant's waiver of his right to trial by jury here was as follows:

THE JUDGE: "Felix Abreu, do I understand that you have waived your right to trial by jury and you want to have the case heard by a single justice through the interpreter?"

THE INTERPRETER: "Yes."

We conclude this colloquy unaccompanied by any other evidence was inadequate under *Ciummei.*

In *Ciummei* v. *Commonwealth, supra,* we established an evidentiary prerequisite to a valid waiver of the right to trial by jury. We stated that a judge must conduct a colloquy with the defendant on the record, regarding the defendant's right to trial by jury, contemporaneously with and before accepting any waiver. The purpose of the colloquy is to include as part of

of guilty on these other indictments are subject to the same challenge and are tainted by the same improper procedure as that before us. Accordingly, we set the findings of guilty aside on these indictments as well as indictment 016591 as the order in this decision reflects.

the trial record evidence indicating whether the defendant's waiver of his right was sufficient to pass constitutional scrutiny. See *Brady* v. *United States,* 397 U.S. 742, 748 (1970). "In the exchange, the judge will advise the defendant of his constitutional right to a jury trial, and will satisfy himself that any waiver by the defendant is made voluntarily and intelligently." *Ciummei* v. *Commonwealth, supra* at 509. While the United States Constitution did not, and does not, require that such a colloquy be conducted on the record,[2] see *United States ex rel. Williams* v. *DeRobertis,* 715 F.2d 1174, 1178 (7th Cir. 1983), cert. denied, 464 U.S. 1072 (1984); *United States* v. *Martin,* 704 F.2d 267, 274 (6th Cir. 1983); *United States* v. *Anderson,* 704 F.2d 117, 119 (3d Cir.), cert. denied, 464 U.S 838 (1983), we deemed it necessary "in aid of sound judicial administration." *Ciummei, supra.*

In reviewing the colloquy challenged here, we note that *Ciummei* established no rigid pattern which must invariably be followed in conducting a colloquy before accepting a waiver of the right to trial by jury. While the colloquy before us clearly omits many of the inquiries suggested as appropriate in *Ciummei,* such omissions alone are not enough to make the colloquy inadequate. Whether a colloquy conducted by a trial judge before accepting a defendant's waiver of his right to trial by jury is adequate depends upon the specific facts of each case. *Commonwealth* v. *Schofield, supra* at 775. So long as a colloquy occurs, the sole focus of our review is whether the colloquy has provided an evidentiary record upon which the trial judge could find the waiver of a defendant was voluntary and intelligent.

The record here was inadequate to support a finding that the defendant's waiver was voluntary and intelligent. The sole question asked of the defendant was phrased in conclusory terms. It gave no indication of the nature of the right at issue or the consequences of the waiver. The simple reply, "Yes," to the conclusory inquiry whether a defendant voluntarily and knowingly waives the right to trial by jury gives little indication of the defendant's true state of mind. This is particularly so in

---

[2] This is not to say that waiver of the right to trial by jury may be presumed from silence. See *United States ex rel. Williams* v. *DeRobertis,* 715 F.2d 1174, 1179. (7th Cir. 1983). Cf. *Carnley* v. *Cochran,* 369 U.S. 506, 516 (1962).

the instant case where the record indicates that the defendant may understand or speak little English and, therefore, may be from a foreign nation in which jury trials as they exist in the United States are not customary. Inquiry into this and related areas should have been conducted on the record. This is not a case where we can say the defendant clearly understood "this most precious constitutional right" and, therefore, his waiver was "a decision regarding trial strategy." *Commonwealth* v. *Dietrich,* 381 Mass. 458, 460, 461 (1980), quoting *Ciummei* v. *Commonwealth, supra* at 508 n.7. Nor does the Commonwealth's observation that the defendant was advised by counsel, albeit off the record, regarding the right to trial by jury, make his waiver valid. *Ciummei* requires that any such colloquy be on the record if it is to be the basis upon which a judge is to conclude a waiver of the right is voluntary and intelligent. Cf. *United States* v. *Delgado,* 635 F.2d 889, 890 (7th Cir. 1981).

Our decision in *Commonwealth* v. *Schofield, supra,* is not inconsistent with our decision here. In *Schofield* we found the colloquy adequate although the trial judge there did not describe in detail all elements of trial by jury.[3] Nonetheless, the judge told the defendant that a jury consists of twelve persons, that the right to trial by jury is a "fundamental right" and that if the right was waived the judge would decide his guilt or innocence. The judge also inquired into the defendant's educational background and asked whether the defendant's waiver was based on any offers or promises. This colloquy on the record, occurring contemporaneously with the defendant's waiver of his right to a jury trial, was sufficient to sustain the judge's finding that the waiver was voluntary and intelligent. The same cannot be said for the record before us now.

*Judgment of the Superior Court reversed.*

*Findings of guilty set aside.*

---

[3] Attempting to describe all aspects of the right to trial by jury no doubt would, in any event, prove difficult. See *United States ex rel. Williams* v. *DeRobertis, supra* at 1179-1180 ("To require that a defendant have an exhaustive knowledge of all the doctrinal subtleties of Sixth Amendment jurisprudence in order for him to waive its protections would be tantamount to saying that only an attorney, and a highly competent criminal defense attorney at that, would be capable of a knowing waiver").