## COMMONWEALTH vs. EVERETT E. SCHOFIELD.

Plymouth. February 9, 1984. — May 9, 1984.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Constitutional Law,* Waiver of trial by jury. *Practice, Criminal,* Waiver of trial by jury.

Discussion of this court's decision in *Ciummei* v. *Commonwealth,* 378 Mass. 504 (1979), requiring that a judge in a criminal case hold a colloquy with the defendant to ensure that any waiver of the right to trial by jury is made voluntarily and intelligently. [774-775]

The record of a judge's colloquy with a criminal defendant, during which the defendant responded affirmatively to the judge's inquiries whether he understood certain differences between bench and jury trials and also stated that he had discussed with his attorney the question whether to waive his right to a jury trial, when considered together with other evidence establishing that the defendant was mentally competent and that he comprehended the nature of his choice between a jury or a bench trial, supported the judge's conclusion that the defendant's waiver of his right to trial by jury was voluntary and intelligent. [775-776]

INDICTMENTS found and returned in the Superior Court Department on January 14, 1981.

The cases were heard by *Zobel,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Brownlow M. Speer* for the defendant.

*Robert S. Sinsheimer,* Assistant District Attorney, for the Commonwealth.

HENNESSEY, C.J. Everett E. Schofield was convicted of armed robbery, G. L. c. 265, § 17, and rape, G. L. c. 265, § 22 (*a*), following a trial in the Superior Court before a judge without a jury. He appealed his convictions to the Appeals Court challenging the sufficiency of the colloquy conducted by

the judge concerning the waiver of his rights to a jury trial. The Appeals Court reversed the judgments entered by the trial judge and ordered a new trial before a jury. *Commonwealth* v. *Schofield,* 16 Mass. App. Ct. 199 (1983). The Commonwealth then filed an application for further appellate review, which we granted. We conclude that the record adequately shows the defendant's valid waiver of his right to trial by jury. Accordingly, we affirm the judgments of the Superior Court.

The facts underlying Schofield's convictions are summarized in the opinion of the Appeals Court and we need not repeat them here. See *id.* at 200. Our focus is confined to the waiver of jury trial, evidenced by the colloquy between the trial judge and Schofield and set out in the margin.[1] The Appeals Court

[1] THE JUDGE: "Mr. Schofield, my name is Zobel and I'm the Justice of the Superior Court who's going to be trying this case. And I understand that you want to waive your right to a jury."

THE DEFENDANT: "Yes, your Honor."

THE JUDGE: "Now, before I can approve of your request to waive your right to a jury, I have to be persuaded that you understand all your rights and are giving them up voluntarily. You understand?"

THE DEFENDANT: "Yes."

THE JUDGE: "Now, I'm going to ask you some questions. If any of my questions are not clear, you just tell me, okay?"

THE DEFENDANT: "Yes." [Then followed preliminary questions concerning Schofield's age (twenty-seven, at the time of trial), education (ninth grade), occupation (cook), and military service (none)].

THE JUDGE: "You understand that a jury trial means that the twelve people in a jury box decide whether or not you are guilty?"

THE DEFENDANT: "Yes, I do."

THE JUDGE: "And if you give up that right to a jury trial, it means that a judge, in this case, me, I, will decide — "

THE DEFENDANT: "Yes, I understand."

THE JUDGE: " — the case? A jury trial is a very fundamental right. You understand that?"

THE DEFENDANT: "Yes, I do."

THE JUDGE: "That's why I have to be very sure that you are willing to give up that right and are doing it freely and voluntarily. You understand that?"

THE DEFENDANT: "Yes."

THE JUDGE: "Has anyone promised you or offered you anything to make you give up your right to a jury trial?"

THE DEFENDANT: "No, I have done it on my own. I volunteered."

THE JUDGE: "Have you discussed this with Mr. Gorman, your lawyer?"

THE DEFENDANT: "Yes, I have."

THE JUDGE: "Okay. And you are satisfied with the advice which Mr.

found this colloquy inadequate in light of certain language in *Ciummei* v. *Commonwealth,* 378 Mass. 504 (1979). The Appeals Court described generally our reasoning in *Ciummei.* It then stated that under *Ciummei* a judge's determination regarding whether a defendant has voluntarily and intelligently waived the right to a jury trial "is not likely to be disturbed simply because the colloquy involved less than an exhaustive description of the ramifications of the defendant's decision, *provided* (and this is the crucial point) that the dialogue is sufficient to furnish the judge with the information necessary to warrant findings that the defendant is (1) aware of the differences between jury and jury-waived trials; (2) that he has not been coerced or improperly influenced in his decision; and (3) that he is, at the time of the waiver, capable of rational judgment" (emphasis in the original). 16 Mass. App. Ct. at 203. After so stating, the majority of the panel concluded that "[t]he difficulty in this case lies in the first finding. There is absolutely no indication in the colloquy that Schofield was likely aware of the factors, set out in *Ciummei,* which distinguish the two forms of trial, particularly the critical information that the defendant has a voice in selecting the jurors and that their verdict must be unanimous." *Id.*

Justice Cutter dissented from the conclusion of the majority of the panel. He stated that he did not read the language in our *Ciummei* decision to require a colloquy to contain specific information upon which the judge could make the three findings set forth by the majority of the panel. Rather, he viewed the language in our *Ciummei* decision "merely as suggestions of possible lines of inquiry 'where a defendant needs a compendious reminder' of the extent of his rights." *Commonwealth* v. *Schofield, supra* at 207 (Cutter, J., dissenting), quoting *Ciummei* v. *Commonwealth, supra* at 510. We agree with the construction of our language contained in Justice Cutter's dissent.

Gorman has given you?"

THE DEFENDANT: "Yes. I am."

THE JUDGE: "All right. I find that Mr. Schofield is fully aware of his right and that he has knowingly and purposefully and intelligently waived his right to a trial by a jury and I accept the waiver."

In *Ciummei* v. *Commonwealth, supra* at 509-510, we spe-
cifically stated that we did "not intend to create a rigid pattern"
of factual determinations which a judge must make before
concluding a defendant's waiver of the right to trial by jury
was voluntary and intelligent. We stressed that inquiries di-
rected to such a conclusion should not be "discharged as a
mere matter of rote." *Id.* at 510, quoting *Patton* v. *United
States,* 281 U.S. 276, 312 (1930). The majority of the Appeals
Court panel are correct in observing we specifically referred
to the factual differences between jury and bench trials as an
appropriate focus of a judge's colloquy with the defendant.
See *Ciummei* v. *Commonwealth, supra* at 510. Nevertheless,
our reference to the differences between a jury and bench trial
was qualified in two ways. First, we mentioned the differences
between bench and jury trials only for the purpose of illustrating
what a judge *might* address in his colloquy. Second, we made
clear that an extended colloquy is only necessary where a judge
determines "a defendant needs a compendious reminder" of
the right being waived. These qualifications should make clear
the advisory nature of our reference to the differences between
jury and bench trials. We did not intend to establish a rule that
a defendant's waiver of his right to jury trial will be deemed
valid only where a colloquy on the record evidences the defend-
ant was aware of all the differences between bench and jury
trials mentioned in *Ciummei.* We intended only to suggest
some areas of inquiry that a judge might find useful in deter-
mining whether a defendant's waiver was voluntary and intel-
ligent.

The defendant asserts that the inadequacy of the colloquy
alone can form the basis for the grant of a new trial. While
that premise may hold true where no colloquy is conducted at
all, it does not extend to establish a sweeping prophylactic
rule. The colloquy primarily is only evidence of whether a
defendant's waiver of the right to trial by jury was voluntary
and intelligent. It is not an independent constitutionally required
prerequisite to a valid waiver of the right to a jury trial. See
*Ciummei* v. *Commonwealth, supra* at 508-509. That which we
required for a colloquy to be adequate in itself, is limited:

"[T]he defendant, being competent, must simply have indicated a comprehension of the nature of the choice" between a bench and jury trial. *Id.* at 510. Such comprehension of the choice may be based on information provided to the defendant by the judge, the defendant's counsel, the defendant's personal knowledge, or some other source. Once this minimum requirement is met, all other analysis with regard to the colloquy is strictly whether the colloquy as evidence was sufficient for the judge to "satisfy himself that any waiver by the defendant [was] made voluntarily and intelligently." *Id.* at 509. If the colloquy cannot support such a conclusion, it may support the grant of a new trial, not because the colloquy was flawed, but because of insufficient evidence to support the judge's decision to accept the defendant's waiver.

In the instant case there is adequate support for the judge's decision. The facts are sufficient to indicate the defendant's comprehension of the nature of the choice he faced. The defendant was competent. He stated he discussed the matter of waiver with his attorney. He responded affirmatively when asked if he understood certain differences between bench and jury trials. These facts, in addition to the remainder of the colloquy, support the decision of the judge that the defendant's choice to waive his right to trial by jury was voluntary and intelligent.

*Judgments of the Superior Court affirmed.*