COMMONWEALTH vs. ANTONIO PAVAO.

Bristol. September 4, 1996. - November 18, 1996.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, & FRIED, JJ.

*Constitutional Law,* Trial by jury, Waiver of constitutional rights. *Practice, Criminal,* Waiver of trial by jury.

This court declined to determine the voluntariness of a criminal defendant's waiver of jury trial from a consideration of the entire record of the case in circumstances in which the judge had omitted to conduct the colloquy required on the issue of such waiver by *Ciummei* v. *Commonwealth,* 378 Mass. 504, 509-511 (1979). [801-803]

This court concluded that a postconviction colloquy between the judge and a criminal defendant, on the issue of the voluntariness of the defendant's waiver of a jury trial, would be ineffective to remedy an omission of the colloquy at the time of the waiver. [803]

In the circumstances of a criminal case in which the judge and prosecutor were unaware of the necessity for the judge to conduct a colloquy with the defendant with respect to the voluntariness of the defendant's waiver of his right to trial by jury and in which defense counsel knew about the colloquy requirement and chose not to request such a colloquy, the purpose of the colloquy requirement, to assure that the defendant himself made the ultimate decision regarding the waiver, mandated that the defendant be granted a new trial. [803-804]

The failure of the judge in a criminal case to conduct a colloquy with the defendant regarding the voluntariness of his waiver of a trial by jury is not susceptible of the argument that the error was harmless. [804]

INDICTMENTS found and returned in the Superior Court Department on October 21, 1992, and February 10, 1993, respectively.

The cases were heard by *Patrick F. Brady,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*John F. Palmer* for the defendant.

*Mary O'Neil,* Assistant District Attorney, for the Commonwealth.

*Elizabeth A. Lunt & William J. Leahy* for Massachusetts Association of Criminal Defense Lawyers & another, amici curiae, submitted a brief.

FRIED, J. The trial judge failed to conduct a colloquy with the defendant before accepting a waiver of his right to trial by jury tendered by his counsel. The Appeals Court ruled that in the particular circumstances of this case the omission was harmless and affirmed the convictions, 39 Mass. App. Ct. 490 (1995). We granted the defendant's application for further appellate review and reverse the judgments of the Superior Court.

I

The defendant was indicted on five indictments charging five counts of indecent assault and battery on a child under fourteen years of age, four counts of dissemination of matter harmful to minors, and three counts of rape with the use of force. Before the start of his trial, the defendant signed a waiver of jury trial form which stated: "Under the provisions of General Laws Chapter 263, Section 6, I hereby waive my right to trial by jury."

In *Ciummei* v. *Commonwealth*, 378 Mass. 504, 509-511 (1979), we held that a "colloquy [between a judge and a defendant] shall be held in any instance of a waiver of the right to trial by jury." The trial judge, unaware of this ruling, neglected to conduct such a colloquy, and the prosecutor, similarly unaware of this necessity, failed to bring this omission to the attention of the judge. Defense counsel, who is not appellate counsel, conceded that he knew of the judge's oversight. He chose not to bring the error to the attention of the court.

At the three-day bench trial, defense counsel's strategy in oral argument was to concede guilt as to the charges on the indecent assault and battery indictments and to concentrate on defeating the rape charges: "So I would suggest to you that there is an indecent assault and battery in this case that's been proven, I won't suggest that there hasn't been but I strongly urge you to consider all the notes that you made that rape did not take place in this case." The judge found the defendant guilty of the indecent assault and battery charges but found the Commonwealth's evidence insufficient to sustain the other charges.

After the trial, realizing his error, the judge held a hearing at the Commonwealth's request regarding the omission of the jury trial waiver colloquy. The Commonwealth argued for a

colloquy after the trial or in the alternative a finding by the judge that the defendant acted voluntarily. The judge found no basis for questioning the defendant as to the waiver at that time and declined to make any further findings except to note that the defendant was well represented by counsel, that the defendant consulted frequently with defense counsel during trial, that the result of the trial was "fairly clear" given the weight of the evidence and defense counsel's concession of guilt in closing arguments regarding the indecent assault and battery charges, and that "it seems incredible to suggest that [the defendant's] waiver was not knowing and voluntary, which, of course, is the purpose of the colloquy." Defense counsel conceded that the waiver was voluntary and that the evidence supported the verdicts, but maintained that *Ciummei* required a colloquy and that the error could not be corrected after the trial. The defense counsel also argued that the prosecution carried the burden of correcting the court's error, and that defense counsel had no obligation to point out the omission.

The defendant was sentenced to concurrent prison terms of from six to ten years, two years to be served and the balance suspended for a probation term of five years. The Appeals Court affirmed the defendant's convictions finding the omission of the colloquy was under the circumstances a harmless error.

## II

In *Ciummei* v. *Commonwealth, supra,* this court held that there is no constitutional requirement that a judge assure himself in a colloquy with the defendant that the defendant's waiver of his right to a jury trial is knowing and voluntary. Before a guilty plea is entered, such a colloquy is constitutionally required, *Boykin* v. *Alabama*, 395 U.S. 238 (1969); *Commonwealth* v. *Foster*, 368 Mass. 100 (1975), but the waiver of a jury trial "leaves in place another form of fact finding" and therefore "it has not as much weight or consequence as a guilty plea, which is tantamount to a conviction." *Id.* at 508. We concluded, however, that a supervisory rule requiring a colloquy would aid in "sound judicial administration" by foreclosing many disputes about whether a waiver of the right to a jury trial was knowingly and voluntarily made. No particular form of the colloquy is required. *Id.* at 509-510. The

judge's task is to "satisfy himself that any waiver by the defendant is made voluntarily and intelligently." *Id.* at 509. "In this time of clogged criminal dockets we simply cannot dissipate judicial and prosecutive resources, already stretched too thin, in attempting to reconstruct skimpy records . . . . [I]t is not too much to require that [trial judges] . . . ascertain from a defendant that he understands the action he is taking when he chooses to proceed to trial without a jury, so that the record of proceedings is adequate to withstand subsequent challenge." *Ciummei, supra* at 509 n.8, quoting *Jackson* v. *United States,* 262 A.2d 106, 108-109 (D.C. 1970).[1]

The Commonwealth's first argument against reversal is that under the unique facts of this case ample evidence exists, even without the colloquy, to show that the waiver was made knowingly and voluntarily. The defendant signed the written waiver form required by law. He consulted with experienced counsel who stated on the record that he fully explained the nature and consequences of the waiver to the defendant. Defense counsel knew about the colloquy requirement and chose not to request such a colloquy.[2] The defendant had a

---

[1] The majority of other jurisdictions that have spoken on the issue do not mandate a colloquy between the judge and the defendant prior to the acceptance of a waiver of a jury trial, although many advocate a colloquy as preferred practice. For authorities that do not require a colloquy before a waiver of a jury trial, see, e.g., *United States* v. *Cochran,* 770 F.2d 850 (9th Cir. 1985); *United States* v. *Martin,* 704 F.2d 267 (6th Cir. 1983); *United States* v. *Anderson,* 704 F.2d 117 (3d Cir.), cert. denied, 464 U.S. 838 (1983); *United States* v. *Hunt,* 413 F.2d 983 (4th Cir. 1969); *State* v. *Jelks,* 105 Ariz. 175 (1969), cert. denied, 398 U.S. 966 (1970); *Quartz* v. *State,* 258 So. 2d 283 (Fla. Dist. Ct. App. 1972); *Kindle* v. *State,* 161 Ind. App. 14 (1994); *State* v. *Young,* 73 Haw. 217 (1992); *State* v. *Boilard,* 359 A.2d 65 (Me. 1976); *People* v. *Simmons,* 182 A.D.2d 1018 (N.Y. 1992). For authorities that do require a colloquy, see *Walker* v. *State,* 578 P.2d 1388 (Alaska 1978); *Short* v. *Commonwealth,* 519 S.W.2d 828 (Ky. 1975); *Jackson* v. *United States,* 262 A.2d 106 (D.C. 1970); *Biddle* v. *State,* 40 Md. App. 399 (1978); *Commonwealth* v. *Morin,* 477 Pa. 80 (1978), modified by *Commonwealth* v. *DeGeorge,* 506 Pa. 445, 448-449 (1984) (allowing consideration of circumstances outside the colloquy when the colloquy itself is inadequate). The United States Court of Appeals for the Seventh Circuit has a supervisory rule requiring a colloquy, but violations of that rule are no longer ground for automatic reversal. See *United States* v. *Rodriquez,* 888 F.2d 519 (7th Cir. 1989), modifying *United States* v. *Scott,* 583 F.2d 362 (7th Cir. 1978).

[2] The defense objects to the Commonwealth's reliance on a police report from the Fall River police department which states that defense counsel

prior criminal record and had waived jury trials before. We readily concede that these facts offer strong, even irresistible evidence that the defendant knowingly and voluntarily waived his rights. However, the purpose of our bright line rule in *Ciummei* was just to preclude this kind of inquiry. The *Ciummei* rule requires that the critical evidence for determining whether the waiver was made knowingly and voluntarily come directly from the defendant in the colloquy. In this case the conclusion may be clear, in another a little less so, and soon we would have launched the courts on just the sort of inquiry the *Ciummei* decision, at very little cost, sought to avoid. "So long as a colloquy occurs, the sole focus of our review is whether the colloquy has provided an evidentiary record upon which the trial judge could find the waiver of a defendant was voluntary and intelligent." *Commonwealth* v. *Abreu*, 391 Mass. 777, 779 (1984). Thus, the inquiry is intended to be limited primarily to the evidentiary record created by the colloquy itself.[3] It would be inconsistent with the purpose of *Ciummei* to consider the entire record where no colloquy exists at all.

The Commonwealth attempts to find support in a state-

admitted that not only did he know that the colloquy was omitted but that it was part of a deliberate strategy based on defense counsel's knowledge that the judge was inexperienced in criminal matters. For purposes of this opinion, we need not rely on the police report. The fact that defense counsel knew of the omission of the colloquy and chose not to disclose that information to the judge is supported by ample evidence elsewhere in the record. We may presume that defense counsel chose not to disclose the omission for a reason, and the obvious candidate is to reserve an option to obtain a new trial.

[3]The Commonwealth cites the Appeals Court's decision in *Commonwealth* v. *Schofield*, 16 Mass. App. Ct. 199, 204 n.4 (1983), for the proposition that facts outside of the colloquy may be taken into account in determining whether the waiver was made knowingly and voluntarily. In evaluating the adequacy of the colloquy that took place in that case, the Appeals Court conducted an independent review of the defendant's criminal record, determined that he had no prior experience with juries, and relied in part on that fact to find the colloquy inadequate and to reverse the convictions. This court reinstated the convictions without relying on any such independent review. *Commonwealth* v. *Schofield*, 391 Mass. 772 (1984). Even if we allow such an independent review to consider facts outside the colloquy, the *Schofield* case concerned only the adequacy of a colloquy so that independent facts would only supplement the colloquy. *Schofield* did not address the issue in this case: whether a finding that a waiver is knowing and voluntary can be based solely on independent evidence where there has been no colloquy at all.

ment by this court in *Commonwealth* v. *Schofield*, 391 Mass. 772 (1984), that a colloquy "primarily is only evidence of whether a defendant's waiver of the right to trial by jury was voluntary and intelligent" and that the requirements for a colloquy are minimal. *Id.* at 775. The Commonwealth's reliance is inapposite. Unlike this case, a colloquy did in fact occur in *Schofield*. The question presented in that case was only whether the colloquy was sufficient. This court found, in interpreting the language of *Ciummei,* that no particular form nor particular questions were required. The flexibility permitted in *Schofield* in no way undermines the requirement that there be a colloquy in every case of jury waiver. It only allows that colloquy to be tailored to the defendant's particular circumstances.

A postconviction colloquy would be ineffective to remedy the omission of the colloquy at the time of waiver. The colloquy must be conducted "contemporaneously with and before accepting any waiver." *Commonwealth* v. *Abreu, supra* at 778. Cf. *United States* v. *Saadya,* 750 F.2d 1419, 1421-1422 (9th Cir. 1985) (holding that omitted requirements for the waiver of a jury trial could not be remedied after conviction). Exactly the kind of doubts our rule is intended to avoid would arise, were we to rely on what a defendant says after a conviction to establish what he knew and intended at the earlier moment when he waived his rights. See *Commonwealth* v. *Fernandes,* 390 Mass. 714, 720-721 (1984).

The Commonwealth further argues that the "unique" circumstances of this case, where defense counsel knew that the colloquy was being omitted and deliberately took advantage of that omission to plant reversible error, somehow makes it inequitable to adhere strictly to the colloquy requirement. We reject this suggestion since saddling the defendant with the consequences of his counsel's strategy would be inconsistent with the purpose of the rule to assure that the ultimate decision regarding waiver of the jury be left to the defendant himself, not his counsel. See G. L. c. 263, § 6 (1994 ed.); Mass. R. Crim. P. 19 (a), 378 Mass. 888 (1979). Cf. *Commonwealth* v. *A Juvenile (No. 2),* 396 Mass. 215, 223 (1985) (conditioning the colloquy required to question the jury about racial bias during jury selection on defense counsel's request "defeat[s] the purpose for requiring a colloquy in the first place"; that is, to ensure the defendant himself understands

the choice he is making); *Gallo* v. *Commonwealth*, 343 Mass. 397, 402 (1961) (oral waiver by defense counsel of right to full jury of twelve after one juror is excused due to illness is ineffective because waiver must come from defendant). The colloquy provides a check that defense counsel has done his duty in discussing the choice with the defendant and that the defendant has participated in and comprehends the decision to waive the jury. If the actions of defense counsel were to be relied on to protect the defendant there would be no need for a colloquy at all.

Finally, the failure of the judge to conduct a colloquy cannot be overcome by the claim that the error was harmless where in a particular case there can be little doubt that a jury would have reached the same conclusion as the judge. To allow harmless error analysis of this sort is inconsistent with the right to a jury trial altogether. Surely if a defendant had asked for a jury trial and it had been denied him, a conviction could not be saved by this analysis. That is why we do not allow directed verdicts of guilty. See *Sullivan* v. *Louisiana*, 508 U.S. 275 (1993).

## III

After affirming the defendant's convictions, the Appeals Court added that the actions of the defense counsel in intentionally not disclosing to the court that the colloquy had not taken place "exceeded the bounds of acceptably zealous representation." *Commonwealth* v. *Pavao*, 39 Mass. App. Ct. 490, 499 (1995). We express no opinion on the propriety of defense counsel's inaction but do suggest to the Board of Bar Overseers and this court's committee on the new rules of professional conduct that they consider whether such conduct should be subject to an explicit disciplinary rule.

*Judgments reversed.*