1. Jury waiver. On the day of trial, the defendant, proceeding pro se, requested a jury trial. Before the defendant’s trial began, the court officer mistakenly released the jury. The defendant moved to dismiss the charges to remedy this error, but the trial judge declined, inquiring instead as to possible continuance dates. The defendant, after expressing concerns about being homeless in the winter and unable to maintain a job if he were to wait to be sentenced so far in the future, decided to “settle” for a bench trial. The judge then conducted a colloquy with the defendant and determined on that basis alone that the defendant’s waiver of a jury trial was voluntary, knowing, and intelligent. The judge did not require the defendant to sign and file with the court a written waiver as required by law. *850 G. L. c. 263, § 6.[1] Trial went forward that same day. The defendant argues on appeal that his oral waiver of a jury trial should be considered ineffectual both because there was insufficient evidence to support a finding that his waiver was voluntary and intelligent and because it was unaccompanied by a written waiver signed and filed with the court.
The facts here offer strong evidence that the defendant knowingly and voluntarily waived his right to a jury trial. The trial judge conducted a colloquy with the defendant in which he confirmed that the defendant was competent, was not under the influence of alcohol or drugs, had neither a history of mental illness nor was then feeling the effects of any mental illness or condition, and that his current depression did not affect his ability to make a decision about a jury waiver. The defendant also acknowledged to the judge that his jury waiver was made freely and voluntarily. We therefore reject the defendant’s contention that the colloquy could not support a finding that his waiver was voluntary and intelligent.
The defendant also claims that his oral waiver of a jury trial should be considered ineffectual because it was unaccompanied by a written waiver signed and filed with the court as required by G. L. c. 263, § 6, and Mass. R.Crim.P. 19(a), 378 Mass. 888 (1979).[2] We think that Commonwealth v. Pavao, 423 Mass. 798 (1996), decided after the completion of the trial in this case, controls the result here. The Supreme Judicial Court was willing to “readily concede” in Pavao that, as here, the facts surrounding the defendant’s jury trial waiver offered “strong, even irresistible evidence that the defendant had knowingly and voluntarily waived his rights.” The problem was that the trial judge had not conducted a pretrial colloquy with the defendant, who had signed and filed with the court a written jury waiver. The bright line rule earlier set forth in Ciummei v. Commonwealth, 378 Mass. 504, 509-511 (1979), requiring both a colloquy and a written waiver in order to evidence a defendant’s knowing and voluntary waiver of his right to trial by jury, was not satisfied by the postconviction colloquy conducted by the trial judge in Pavao. The Supreme Judicial Court underscored in Pavao the essential purpose of the bright line rule and the need for its strict enforcement: to preclude postconviction “disputes about whether a waiver of the right to a jury trial was knowingly and voluntarily made.” Pavao at 800. Because the bright line rule for valid jury trial waiver requires a written waiver as well as an oral colloquy, the absence here of a written waiver contravenes the bright line rule and renders the defendant’s waiver invalid.
In Gallo v. Commonwealth, 343 Mass. 397 (1961), the case upon which the defendant relies to argue that his oral waiver of a jury trial should be *851 considered ineffectual because it was unaccompanied by a written waiver signed and filed with the court, an oral waiver by counsel of the defendant’s right to twelve jurors was held to be ineffectual because it was unaccompanied by a written waiver. In Gallo, the court held that where the Legislature expressed a definite policy as to the required procedure for conducting a trial with less than twelve jurors, a policy which required a written waiver and request by the defendant filed with the clerk, an oral waiver by counsel was not in compliance and was therefore ineffectual. Gallo at 402. The reasoning in Gallo is equally applicable to the case at bar. In G. L. c. 263, § 6, the Legislature has expressed a definite policy as to the required procedure for conducting a criminal trial without a jury, a policy which requires a written waiver by the defendant filed with the clerk. An oral waiver by the defendant is not in compliance and is therefore ineffectual. In Ciummei, supra at 507-509, the court recognized and reaffirmed the statutory requirement of a signed written waiver. See Commonwealth v. Duquette, 386 Mass. 834, 840 n.6 (1982) (an oral waiver by a defendant of his right to a jury trial will not be valid in the face of the method for waiver prescribed by statute). See Smith, Criminal Practice and Procedure §§ 1648, 1651-1652 (2d ed. 1983).
2. Evidentiary issues. At trial, the defendant offered in evidence the tape recording of a 911 telephone call. Earlier in the trial, during her direct examination, the victim had testified that she was present when the defendant called 911 on the evening of the offense. However, the trial judge ruled that in order to authenticate the tape the defendant would have to testify. After some equivocation, the defendant chose not to do so and thus, the judge did not admit the 911 tape in evidence.
There was no abuse of discretion in the exclusion of the 911 tape from evidence. In order to be admissible, the authenticity of the tape must be stipulated or proved like any other fact. Commonwealth v. LaCorte, 373 Mass. 700, 704 (1977). “ ‘Such proof of authenticity usually takes the form of testimony of a qualified witness either (1) that the thing is what its proponent represents it to be, or (2) that circumstances exist which imply that the thing is what its proponent represents it to be.’ W.B. Leach & PJ. Liacos, Massachusetts Evidence 265 (4th ed. 1967).” Ibid.
While the victim here testified to having knowledge of the fact that the defendant called 911 on the night of the incident, she did not testify to having any knowledge of the substance of the call. Playing the 911 tape, therefore, would not connect the recording to the victim’s testimony in any way. The defendant did not make an offer of proof, nor did he subpoena the recipient of the 911 call to authenticate the tape. Consequently, without the defendant’s testimony as to either the substance of the recording or his identity as the caller, the authenticity of the 911 tape could not be proved. Compare Chartrand v. Registrar of Motor Vehicles, 345 Mass. 321, 325 (1963) (where witness was able to testify to the contents of the telephone conversation he overheard, as well as to authenticate the voice heard on the other end of the line, the telephone conversation was properly authenticated even without the testimony of the caller or of the recipient of the call). We are not persuaded that the trial judge abused his discretion by excluding the 911 tape from evidence.
The defendant also sought to introduce in evidence at trial a videotape of *852 the booking procedure. The defendant wanted to show that a statement in the police report, made to Officer Millar by another officer, that the defendant had been belligerent at the police station during booking was inaccurate. The subject of the defendant’s belligerent attitude at the time of booking was introduced by the defendant during his cross-examination of Officer Millar about the police report; the report itself was not introduced into evidence. The trial judge found that the videotape was not relevant to whether the defendant committed an assault and battery and, therefore, the tape was not admissible.
Melanie S. Lewis for the defendant.
Judith Ellen Pietras, Assistant District Attorney, for the Commonwealth.
Here, the defendant’s alleged belligerence at the police station is collateral to the issue whether he committed an assault and battery on the victim. Additionally, the defendant himself elicited, on cross-examination, the testimony that he subsequently sought to impeach by the videotape. “If a party cross-examines a witness upon a collateral matter, he must take the answer as it is given, he cannot contradict it. . . .” Leone v. Doran, 363 Mass. 1, 15 (1973). Thus, it was within the trial judge’s sound discretion to exclude the videotape of the booking procedure offered by the defendant to impeach Officer Millar. The defendant has not shown any abuse of this discretion. See Benjamin v. Felton & Son, Inc., 9 Mass. App. Ct. 926 (1980) (no abuse of discretion for judge to exclude evidence of plaintiff’s credibility where that evidence relates to a collateral matter).

Judgment reversed. Finding set aside.

 "Any defendant in a criminal case other than a capital case, whether begun by indictment or upon complaint, may, if he shall so elect, when called upon to plead, or later and before a jury has been impánelled to try him upon such indictment or complaint, waive his right to trial by jury by signing a written waiver thereof and filing the same with the clerk of the court.” G. L. c. 263, § 6, as appearing in St. 1979, c. 344, § 19.

 “A case in which the defendant has the right to be tried by a jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and files the waiver with the clerk, in which instance he shall be tried by the court instead of by a jury.” Mass.R.Crim.P. 19(a).