## COMMONWEALTH *vs.* TIMOTHY J. HARDY.

Barnstable. March 2, 1998. - May 6, 1998.

Present: WILKINS, C.J., LYNCH, GREANEY, FRIED, & MARSHALL, JJ.

*Practice, Criminal,* Jury and jurors, Trial by jury, Waiver of trial by jury. *Jury and Jurors. Constitutional Law,* Trial by jury.

At the trial of indictments, the record of the judge's colloquy with the defendant regarding the defendant's waiver of his right to trial by a jury, which included a written waiver signed by both the defendant and his counsel, supported the judge's finding that the waiver was voluntary and intelligent. [380-384]

INDICTMENTS found and returned in the Superior Court Department on February 1, 1994.

The cases were heard by *Herbert F. Travers, Jr.,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Linda A. Wagner*, Assistant District Attorney (*Julia K. Holler*, Assistant District Attorney, with her) for the Commonwealth.

*John D. Fitzpatrick* for the defendant.

LYNCH, J. A Superior Court judge sitting without a jury convicted the defendant on one indictment charging three counts of armed assault in a dwelling with intent to commit a felony, in violation of G. L. c. 265, § 18A; breaking and entering a dwelling in the nighttime with intent to commit a felony, in violation of G. L. c. 266, § 14; assault by means of a dangerous weapon, in violation of G. L. c. 265, § 15B; kidnapping, in violation of G. L. c. 265, § 26; and unlawfully carrying a dangerous weapon, in violation of G. L. c. 269, § 10 (*b*).[1] The defendant claimed before the Appeals Court that (1) the judge's colloquy with him regarding waiving his right to a jury trial

---

[1] One indictment charging assault and battery was placed on file. The defendant was found not guilty on two indictments charging three counts of assault and battery.

was inadequate, (2) there was insufficient evidence to support his kidnapping conviction, and (3) his convictions for armed assault in a dwelling with intent to commit a felony and breaking and entering with intent to commit a felony are duplicative. The Appeals Court ruled for the Commonwealth on the second and third of the defendant's claims, but concluded that the judge's colloquy with the defendant on waiving his right to a jury trial was inadequate and reversed the convictions. 42 Mass. App. Ct. 1123 (1997). We granted the Commonwealth's application for further appellate review limited to the jury waiver issue.

*Facts.* The Commonwealth introduced the following evidence. The defendant lived next door to the Longobardi family (Sal, Linda, and their daughter, Jennette Detiberus) in South Yarmouth. On December 19, 1993, at approximately 2 A.M., Jennette was awakened by several loud banging noises. Entering the kitchen moments later, she saw the defendant break into the house through the kitchen door, armed with a knife and nunchucks.[2] The defendant immediately ordered her to give him the keys to the family's automobile, threatening to kill her if she did not. At this point, Sal and Linda came downstairs, and were subsequently subjected to similar threats from the defendant. After receiving the automobile keys from Sal, the defendant left the premises. However, the defendant soon thereafter stormed back into the house with a baseball bat in hand, claiming that Sal had given him the wrong keys. The defendant was raising the bat as if to hit Sal, when a companion of the defendant grabbed the bat from the defendant. The defendant then lunged at Sal, wrapping both his hands around Sal's neck. Again, his companion pulled the defendant away. The defendant then ordered Sal to drive him and his companion to another location in Dennis. Sal obeyed. During their excursion to Dennis, the defendant remained armed with the baseball bat, nunchucks, and a knife. When the three arrived at this location, the defendant and his companion left the vehicle and approached a group of individuals. Sal then fled.

*Colloquy.* The only issue before us is the defendant's claim that the judge's colloquy with him regarding waiving his right

---

[2]Nunchucks, also known as "klackers" or "kung fu sticks," come within the prohibition of G. L. c. 269, § 10, against carrying a dangerous weapon.

to a jury trial, which is set out in the margin, was inadequate.[3] We disagree.

A judge must conduct a colloquy with the defendant "contemporaneously with and before accepting any waiver" of the right to trial by jury. *Commonwealth* v. *Abreu*, 391 Mass.

[3]THE JUDGE: "Now, I have a couple of preliminary matters. I've been handed by the clerk a waiver of jury trial that appears to be signed by this defendant. Is that his signature and his desire."

DEFENSE COUNSEL: "Yes, your honor. It is signed by me as well."

THE JUDGE: "All right. Would you stand up, Mr. Hardy? Is it Hardy?"

THE DEFENDANT: "Yes, sir."

THE JUDGE: "Let me just ask you a few questions, and they're just concerned with the waiver of jury trial. I want to be sure that you understand your rights as they relate to a right to trial and a jury trial. Now, you have a constitutional right to have a jury trial. Now, basically, what that means is that you're entitled to have a jury assembled here that would be charged with the obligation of determining whether or not the Commonwealth has proven your guilt of the crime beyond a reasonable doubt. That jury body from which the jury is selected is drawn at random from throughout this county and we go through a process of making inquiries to them after first having told them who you are, who your lawyer is, who the prosecutor is and who the prospective witnesses are, to assure ourselves that they have no significant past connection with any people involved and they don't have any personal interest in it or any feelings as to guilt or innocence or bias or prejudice and the like. Now, after we go through that process, we start drawing jurors at random according to a random system of numbers from that larger number and putting them in the jury box. And then counsel have the opportunity to challenge jurors, first of all on the basis of some reason they have to challenge them; or, failing that, to simply challenge a certain number because they choose to challenge them. And that process is all carried out with you being present here with your lawyer, with your lawyer acting in your behalf but consulting with you so that you participate in that process. Now, do you understand what a jury trial is?"

THE DEFENDANT: "I'm pretty sure I do."

THE JUDGE: "Well, knowing all that, is it your free choice to waive that right to a jury trial and have the trial proceed with me, the judge, making the determination that the jury would otherwise make, namely whether or not the evidence that is produced satisfies me of your guilt for any charge beyond a reasonable doubt. Do you understand that? I act as the jury in a jury-waived trial."

THE DEFENDANT: "Yes, I understand that."

THE JUDGE: "Is that your free choice?"

THE DEFENDANT: "Yes, sir."

THE JUDGE: "All right, then we'll take that waiver. And I have here, let's see, a memorandum from the Commonwealth — That's all right, you can sit down."

THE DEFENDANT: "Thank you, sir."

777, 778 (1984). This colloquy is designed to ensure that any waiver by the defendant is made "voluntarily and intelligently." *Ciummei* v. *Commonwealth*, 378 Mass. 504, 509 (1979). "So long as a colloquy occurs the sole focus of our review is whether the colloquy has provided an evidentiary record upon which the trial judge could find the waiver of a defendant was voluntary and intelligent." *Commonwealth* v. *Pavao*, 423 Mass. 798, 802 (1996), quoting *Commonwealth* v. *Abreu, supra* at 779.

We have said that "no rigid pattern . . . must invariably be followed in conducting a colloquy before accepting a waiver of the right to trial by jury." *Commonwealth* v. *Abreu, supra* at 779, citing *Ciummei* v. *Commonwealth, supra.* Rather, a colloquy's adequacy depends on the specific facts of each case. *Commonwealth* v. *Abreu, supra.* We have suggested, however, that, where "a defendant needs a compendious reminder," a judge's colloquy should notify the defendant of his constitutional right to a jury trial, and explain the significant differences between bench and jury trials. *Commonwealth* v. *Schofield*, 391 Mass. 772, 775 (1984), citing *Ciummei* v. *Commonwealth, supra* at 510. Additionally, we have suggested that "[t]he judge should make sure that the defendant has conferred with his counsel about the waiver, and that he has not been pressured or cajoled and is not intoxicated or otherwise rendered incapable of rational judgment." *Ciummei* v. *Commonwealth, supra.*

We conclude that the colloquy provided sufficient evidence to support the judge's finding that the defendant's waiver was voluntary and intelligent. The judge informed the defendant that he had a constitutional right to a jury trial, and subsequently explained at length the components of such a trial. See *Commonwealth* v. *Schofield, supra* at 776. He then distinguished jury trials from bench trials by stating that, in the latter, "the judge [makes] the determination . . . whether the evidence that is produced satisfies me of your guilt for any charge beyond a reasonable doubt." Compare *Commonwealth* v. *Abreu, supra* at 779 (colloquy inadequate, in part, because "[i]t gave no indication of the nature of the right at issue or the consequences of the waiver"). After each of the judge's explanations, the defendant was asked whether he understood what he had just heard, and he responded affirmatively. *Commonwealth* v. *Schofield, supra.* He likewise confirmed to the judge that his decision to waive his right to a jury trial was his "free choice."

*Ciummei* v. *Commonwealth, supra* at 510 ("The judge should make sure . . . that [the defendant] has not been pressured or cajoled"). Finally, the defendant's demeanor in the course of the colloquy was such that the judge was able to conclude that the defendant was competent and not impaired by alcohol or other foreign substance. See *Commonwealth* v. *Rodriguez,* 425 Mass. 361, 364 (1997); *Commonwealth* v. *Russin,* 420 Mass. 309, 317-318 (1995); *Commonwealth* v. *DeMinico,* 408 Mass. 230, 236 (1990).

We are left, therefore, with the question whether there was a satisfactory inquiry of the defendant about his discussions with counsel concerning the waiver. We begin with the observation that omission "of the inquiries suggested as appropriate in *Ciummei* [v. *Commonwealth, supra*] . . . alone are not enough to make [a] colloquy inadequate." *Commonwealth* v. *Abreu, supra* at 779. Indeed, the language in *Ciummei* serves "merely as suggestions of possible lines of inquiry."[4] *Commonwealth* v. *Schofield, supra* at 774, quoting *Commonwealth* v. *Schofield,* 16 Mass. App. Ct. 199, 207 (1983) (Cutter, J., dissenting). Moreover, waiver of a jury, although certainly an important election, still " 'leaves in place another form of fact finding' and therefore 'it has not as much weight or consequence as a guilty plea, which is tantamount to a conviction.' " *Commonwealth* v. *Pavao, supra* at 800, quoting *Ciummei* v. *Commonwealth, supra* at 508.[5] Consequently, a judge is necessarily afforded greater flexibility in conducting a jury waiver colloquy than in guilty plea colloquies, where "[t]here has evolved over the last few years a series of questions which the judge is required to propound."[6] *Commonwealth* v. *Lewis,* 399 Mass. 761, 764 (1987). Furthermore, defense counsel, as well as the

[4]For example, we noted in *Commonwealth* v. *Abreu,* 391 Mass. 777, 780 (1984), that a defendant's discussion with counsel regarding waiver must be on the record "*if it is to be the basis*" upon which a judge is to conclude a waiver of the right is voluntary and intelligent" (emphasis added). From this language, therefore, it appears that a discussion with counsel is not a prerequisite to, but may form an adequate basis from which to conclude that there was, a voluntary and intelligent waiver.

[5]Indeed, this court noted in *Ciummei* v. *Commonwealth,* 378 Mass. 504, 508 n.7 (1979), that "[t]he factors entering into an understanding and willing guilty plea are of so ramified a character that inquiry by a judge may be thought not only desirable but indispensable. . . . Jury waiver partakes more of a decision regarding trial strategy." (Citations omitted.)

[6]We add that, even in conducting a guilty plea colloquy, a judge "need not adhere slavishly to the published questions," so long as it "appear[s] from the

defendant, signed a written waiver of jury trial. From this fact the judge was entitled to infer that counsel and the defendant had discussed the waiver. In these circumstances it was not necessary for the judge specifically to inquire whether the defendant had discussed the waiver with his counsel. The colloquy's extensive discussion of jury and bench trials, combined with the defendant's general demeanor and responses that he understood and acted voluntarily, and the fact that the written waiver was signed by both the defendant and his counsel, provided sufficient evidence on the record from which the judge could conclude that the defendant's waiver was voluntary and intelligent. Accordingly, no reversal is required.

*Judgments affirmed.*

---

questions and answers that the defendant knew what he was doing and did so voluntarily." *Commonwealth* v. *Lewis*, 399 Mass. 761, 764 (1987).