COMMONWEALTH vs. HECTOR HERNANDEZ.

No. 96-P-548.

Hampden. February 19, 1997. - June 2, 1997.

Present: SMITH, PORADA, & IRELAND, JJ.

*Practice, Criminal,* Waiver of trial by jury. *Waiver. Controlled Substances.*

At the separate trials of two complaints, each in two counts, alleging that on two dates the defendant distributed a class A substance and distributed a class A substance within 1,000 feet of a school, there was sufficient evidence contained in the colloquy, the jury waiver forms and defense counsel's certificates to support the judge's decision to accept the defendant's jury waivers as made voluntarily and intelligently. [784-785]

Discussion of the nature of a jury waiver colloquy conducted pursuant to Rule 4(e) of the District/Municipal Court Rules of Criminal Procedure. [785-786]

In circumstances in which a criminal defendant was tried, jury-waived, on one complaint and immediately thereafter on a second complaint, in which the jury waiver forms and defense counsel's certificates for both trials were submitted at the beginning of the first trial, and in which the record of the colloquy before the first trial clearly showed that the judge and the defendant referred to the jury waivers in both trials, there was no error in the judge's not engaging in a jury waiver colloquy before the second trial. [786]

At the trials of two complaints for distribution of a class A substance within 1,000 feet of a named school, there was ample evidence that the school in question was an "elementary school" within the meaning of G. L. c. 94C, § 32J. [786-787]

COMPLAINTS received and sworn to in the Springfield Division of the District Court Department on August 11, 1993, and November 5, 1993, respectively.

The cases were heard by *Philip A. Beattie*, J.

*Shannon M. Fitzpatrick* for the defendant.

*Jill K. Ziter*, Assistant District Attorney, for the Commonwealth.

SMITH, J. On August 11, 1993, the defendant was charged

in a two-count complaint with distribution of a Class A substance and distribution of a Class A substance within 1,000 feet of the Gerena School in Springfield. Those offenses allegedly occurred on August 10, 1993. On November 5, 1993, the defendant was charged in a two-count complaint with possession with intent to distribute a Class A substance and distribution of a Class A substance within 1,000 feet of the Gerena School. Those offenses allegedly occurred on November 4, 1993.

The defendant defaulted, and warrants were issued for his arrest. On February 28, 1995, the defaults were removed, and the warrants were recalled. On July 24, 1995, the defendant waived jury trials in both cases; the trials were conducted on the same day, one after the other, before a District Court judge. The defendant was found guilty in both trials and sentenced. On appeal, the defendant claims that in regard to both trials (1) the record fails to support a finding that he voluntarily and intelligently waived his right to a jury trial and (2) the judge committed error in denying his motions for required findings of not guilty on the counts charging violations of the drug-free school zone statute because there was no evidence that the school was in operation at the time of the alleged offenses.

1. *The jury waiver issue.* General Laws c. 263, § 6, as amended by St. 1979, c. 344, § 19, provides that "[a]ny defendant in a criminal case other than a capital case, whether begun by indictment or upon complaint, may . . . waive his right to trial by jury by signing a written waiver . . . and filing the same with the clerk of the court."[1]

In 1992, the Legislature amended G. L. c. 218, § 26A, by adding that "defense counsel shall execute a certificate signed by said counsel indicating that he has made all the necessary explanations and determinations regarding such waiver" when the jury waiver is filed in the Boston Municipal Court or the District Courts.[2] G. L. c. 218, § 26A, as amended by St. 1992, c. 379, § 139.

---

[1]Massachusetts Rule of Criminal Procedure 19(a), 378 Mass. 888 (1979), also states that a defendant may waive a jury with the consent of the judge.

[2]The statutory requirement of a certificate from defense counsel does not apply to jury waivers filed in the Superior Court. In that court only a jury waiver form is filed. The jury waiver form for criminal cases in the Superior Court is entitled "WAIVER OF TRIAL BY JURY." The form itself

Accompanying the 1992 legislation, the Interim District Court Rules Governing One-Trial Procedures (see now District/Municipal Courts Rules of Criminal Procedure [1996]) were approved and promulgated by the Supreme Judicial Court. Rule 4(e), effective January 1, 1994, stated in pertinent part that:

> "If desired, a waiver of the right to jury trial shall be requested by the defendant on the form promulgated therefor by the Supreme Judicial Court and shall be accepted only upon completion of the colloquy required by law and the certificate of counsel required by G. L. c. 218, § 26A. The required certificate shall be submitted on the form promulgated therefor by the Chief Justice of the District Court."

The defendant's first trial concerned the November 4, 1993, incident. In accordance with G. L. c. 218, § 26A, defense counsel submitted two identical forms, entitled "Defense Counsel's Certificate on Defendant's Waiver of Jury Trial and Consent to be Tried by the Court," prior to the commencement of the first trial.[3]

The first part of the forms stated that defense counsel certified that he explained to the defendant:

> "That the jury consists of members of the community;

> "That the defendant may participate in their selection;

> "That the verdict of the jury must be unanimous;

> "That the jury must decide guilt or innocence while the judge makes rulings of law in the course of the trial and instructs the jury on the law, and imposes sentence in case of guilt; and

---

consists of one line: "And now comes the defendant in the above entitled cause and waives his right to a trial by jury." There is space on the form for the defendant's signature and the date. There is nothing on the form suggesting that the defendant has been advised of the rights that he waives when he decides not to have a jury trial.

[3] These forms were interim forms and not the forms that ultimately were approved by the Chief Justice of the District Court. The interim forms contained, however, the same information as the approved forms.

"That where a jury is waived, the judge alone decides guilt or innocence in accordance with the facts and the law."

The forms also stated that defense counsel was of the "opinion that the defendant's decision to waive the right to jury trial has been made knowingly and intelligently and that the defendant has not been pressured or cajoled with respect to that decision and was not intoxicated or otherwise rendered incapable of rational judgment." The certificates were signed by defense counsel.

The second part of the form stated that "I, the above named defendant, have been given notice of my right to have a jury trial and understand this notice. I hereby waive my right to a jury trial on the complaint specified above." Both forms were signed by the defendant. The forms were submitted in regard to both trials.[4]

After the forms were submitted, the judge read both complaints and then conducted the following colloquy with the defendant concerning his waiver of the jury for both trials.

| JUDGE: | "Now, you have a right to have a trial by a jury on these charges, do you understand that . . . ?" |
| DEFENDANT: | "Yes." |
| JUDGE: | "In a jury trial, you have a right to participate with your lawyer in choosing the jurors that would sit on your cases and decide your guilt or innocence on the charges, do you understand that?" |
| DEFENSE COUNSEL: | "You have to respond, Hector." |
| DEFENDANT: | "Yes, Sir." |

---

[4] The forms did not contain the names of the cases or the numbers of the complaints. The defendant, however, does not claim that he did not sign the forms or that the forms did not concern the complaints in issue. We add that clerk-magistrates and judges should make sure that the forms are properly completed before the judge engages in a colloquy with the defendant.

JUDGE:                    "All right. And you want to waive
                          that right and have these matters
                          heard by a single judge, in this case
                          myself?"

DEFENDANT:                "Yes, Sir."

JUDGE:                    "Okay. You understand that once
                          you do that, you've given up your
                          right to a jury trial?"

DEFENDANT:                "Yes."

On appeal, the defendant argues that the record demonstrates that he did not make voluntary and intelligent waivers of his right to jury trials in both of his cases.

Whenever a defendant in a criminal case decides to waive a trial by jury, he or she must file a written jury waiver, *Commonwealth* v. *Wheeler, post* 933, 934-935 (1997), and the judge must engage in a colloquy with the defendant in which, during the exchange, "the judge will advise the defendant of his constitutional right to a jury trial, and will satisfy himself that any waiver by the defendant is made voluntarily and intelligently." *Ciummei* v. *Commonwealth*, 378 Mass. 504, 509 (1979). Thus, the defendant's answers to the judge's questions must indicate to the judge that the defendant has " 'a comprehension of the nature of the choice' between a bench and jury trial." *Commonwealth* v. *Schofield*, 391 Mass. 772, 775-776 (1984), quoting from *Ciummei* v. *Commonwealth*, *supra* at 510. Moreover, in order to ensure a record demonstrating that the defendant clearly understood "this precious constitutional right," *Commonwealth* v. *Dietrich*, 381 Mass. 458, 460 (1980); see *Commonwealth* v. *Abreu*, 391 Mass. 777, 780 (1984), the trial judge "should make sure that the defendant has conferred with his counsel about the waiver, and that he has not been pressured or cajoled and is not intoxicated or otherwise rendered incapable of rational judgment." *Ciummei* v. *Commonwealth, supra* at 510. The contents of such consultation between the defendant and his counsel as to the waiver of a jury must be on the record "if it is to be the basis upon which a judge is to conclude a waiver

of the right is voluntary and intelligent." *Commonwealth* v. *Abreu, supra* at 780.[5]

Here, the colloquy was sparse. At the time of the colloquy, however, the judge had before him defense counsel's certification that counsel had explained to the defendant the difference between jury and jury-waived trials. The certificate also stated defense counsel's opinion that the defendant's decision was made knowingly, intelligently, and voluntarily. The jury waiver form signed by the defendant stated that he "ha[d] been given notice of [his] right to have a jury trial and underst[ood] this notice." We hold that, in addition to considering the defendant's answers to the questions posed during the colloquy, a judge may also rely upon the information contained in the jury waiver form signed by the defendant and in defense counsel's certificate when making a determination whether the defendant's jury waiver is made voluntarily and intelligently. To hold otherwise would be to render the Legislature's mandate of a certificate from defense counsel meaningless, an action that we are not prepared to undertake. We rule that there was sufficient evidence contained in the colloquy, the jury waiver form, and defense counsel's certificate to support the judge's decisions to accept the jury waivers in both of the defendant's trials.[6]

We emphasize that the new requirement of G. L. c. 218,§ 26A, does not eliminate the requirement of a colloquy in the District or Boston Municipal Courts. See Rule 4(e) of the District/Municipal Court Rules of Criminal Procedure (1996). "The colloquy provides a check that defense counsel has done his duty in discussing the choice with the defendant and that the defendant has participated in and

---

[5]In *Commonwealth* v. *Abreu, supra,* the contents of the conference between the defendant and his counsel were not made part of the record, and the court held it could not be considered.

[6]In *Commonwealth* v. *Pavao,* 423 Mass. 798, 802 (1996), the Supreme Judicial Court stated that on appeal the reviewing court's "inquiry is intended to be limited primarily to the evidentiary record created by the colloquy itself." In this matter, however, our task in reviewing the sufficiency of the judge's finding that the defendant voluntarily and intelligently waived his right to a jury trial differs from that of the court in *Commonwealth* v. *Pavao, supra,* because in that decision the court was reviewing the sufficiency of a jury waiver filed in the Superior Court. The requirements of G. L. c. 218, § 26A, do not apply to the Superior Court (see note 2, *supra*), and the new jury waiver forms and defense counsel's certificate were not before the court to review.

comprehends the decision to waive the jury." *Commonwealth* v. *Pavao,* 423 Mass. 798, 804 (1996). Indeed, "[t]he colloquy must be conducted 'contemporaneously with and before accepting any waiver.' " *Commonwealth* v. *Pavao, supra* at 803, quoting from *Commonwealth* v. *Abreu,* 391 Mass. at 778. When defense counsel is required to file a certificate such as the one required by G. L. c. 218, § 26A, the colloquy should be fashioned to include questions concerning the defendant's understanding of the information conveyed to him by defense counsel regarding the differences between jury and jury-waived trials.[7]

The defendant points out that the judge did not engage in a colloquy with him in regard to his jury waiver at the beginning of his second trial. The jury waiver form and defense counsel's certificate for the second trial were submitted at the beginning of the first trial along with the certificate and form for the first trial. At that time, the judge read both complaints to the defendant, and, in the course of his colloquy, referred to these "charges," "cases" and "matters." It is clear from this record that the colloquy between the judge and the defendant referred to the jury waivers in *both* trials. In addition, we note that the first trial was very short (two witnesses, thirty-seven pages of transcript) and was immediately followed by the second trial. In these circumstances, we hold that the colloquy before the first trial covered the second trial. To hold otherwise would elevate form over substance.

2. *Sufficiency of evidence on counts charging distribution of narcotics in school zone.* On the counts charging him with distribution of narcotics within a school zone, the defendant claims that there was no showing that the Gerena school met the definition of a school. We reject the defendant's claims.

---

[7]On appeal, the defendant claims that, because he was young (nineteen at the time of his trials) and had a poor command of the English language, he did not understand the information concerning his jury waiver given to him by defense counsel. Those matters are not reflected in the record and are more appropriately raised by a motion for a new trial. However, in order to forestall similar claims raised by defendants in the future, we urge judges to include in their colloquy questions concerning the defendant's understanding of the information conveyed to him by defense counsel.

There was ample evidence that the school in question was "an elementary school." General Laws c. 94C, § 32J, specifically states that the school does not have to be in session at the time of the incident.

*Judgments affirmed.*