COMMONWEALTH *vs.* EMMANUEL ONOUHA. No. 97-P-1225. December 22, 1998. *Practice, Criminal,* Waiver of trial by jury. *Waiver. Evidence,* Fresh complaint.

On appeal, the defendant's main point is that the trial judge failed to conduct an adequate colloquy to determine whether the waiver of jury trial that the defendant had tendered was voluntary and intelligent. The point is governed, adversely to the defendant, by *Commonwealth* v. *Hernandez*, 42 Mass. App. Ct. 780, 783-785 (1997). As in *Hernandez*, the colloquy here was sparse, but adequate to probe that the defendant was acting with understanding and on his own volition. See *Commonwealth* v. *Hardy*, 427 Mass. 379, 381-384 (1998); *Commonwealth* v. *Schofield*, 391 Mass. 772, 774-776 (1984). Contrast *Commonwealth* v. *Abreu*, 391 Mass. 777, 778 (1984). Before the colloquy, the defendant had signed a printed waiver of the right to be tried by a jury, see G. L. c. 263, § 6, and his counsel had endorsed that document with a

certificate, conformably with G. L. c. 218, § 26A. See *Commonwealth* v. *Hernandez, supra* at 785-786. The defendant, in his appeal, protests that the judge did not inquire whether the defendant had been subjected to any pressure to waive trial by jury, whether the defendant was under the influence of intoxicants, and whether the defendant understood the difference between a jury trial and a bench trial. As to the first two questions, the defendant's demeanor during the colloquy would have assisted the judge in sensing whether pressure or intoxicants were in the picture. As to the third question, the judge's questions did emphasize that the defendant, if he opted for a bench trial, was leaving fact finding to the judge alone. Significantly, the defendant does not suggest that he was either pressured, intoxicated, or uninformed when he tendered his waiver. *Commonwealth* v. *Pavao*, 423 Mass. 798, 800-801 (1996), upon which the defendant relies, does not prescribe a table of contents for questioning by which a judge tests whether a tendered waiver of jury trial is intelligent and voluntary. *Commonwealth* v. *Hardy, supra* at 382.

Although we have determined that the judge's colloquy with the defendant in this case was sufficient to the task, we take the occasion to say that it would conserve the time of both the trial courts (where the record must be assembled and transmitted or which may receive a motion for a new trial) and, certainly, the appellate courts, if trial judges, when conducting a jury waiver colloquy, kept at hand and followed the topic outline for that procedure which appears at Smith, Criminal Practice and Procedure § 1654 (2d ed. 1983), or something along the same lines.

The secondary point in the defendant's brief is that the "fresh complaint" was, in fact, stale. While a complaint of sexual assault to a school counselor fourteen months after the event raises a question of freshness, in this case what the counselor testified to was cumulative and "so lacking in color or detail that it added next to nothing to the government's case." *Commonwealth* v. *Souther*, 31 Mass. App. Ct. 219, 222 (1991). What the counselor had to say was particularly harmless in the context of a bench trial. There was no reversible error.

*Judgment affirmed.*

*Paul C. Brennan* for the defendant.

*Shaun S. McLean*, Special Assistant District Attorney, for the Commonwealth.