## COMMONWEALTH *vs.* RICHARD G. RIDLON.

No. 00-P-292.

Norfolk. June 11, 2001. - March 7, 2002.

Present: BECK, CYPHER, & MASON, JJ.

*Constitutional Law,* Trial by jury, Waiver of constitutional rights. *Practice, Criminal,* Waiver of trial by jury.

At the trial of a criminal complaint charging negligent operation of a motor vehicle so as to endanger, there was sufficient evidence contained in the colloquy, the jury waiver form, and defense counsel's certificate to support the judge's decision to accept the defendant's jury waiver as made voluntarily and intelligently, notwithstanding the judge's use of guilty plea terminology in the colloquy. [146-150]

This court concluded that reversal was required in a criminal case alleging operation of a motor vehicle while under the influence of a drug, due to insufficient evidence presented at trial regarding the particular drug involved. [150]

COMPLAINT received and sworn to in the Quincy Division of the District Court Department on April 16, 1998.

The case was heard by *Joseph R. Welch,* J.

*Beth L. Eisenberg,* Committee for Public Counsel Services, for the defendant.

*James A. Reidy,* Assistant District Attorney, for the Commonwealth.

BECK, J. After a jury-waived trial in the District Court, the defendant was convicted of negligent operation of a motor vehicle so as to endanger (count one), G. L. c. 90, § 24(2)(*a*), and operating a motor vehicle while under the influence of a drug (count two). In its brief, the Commonwealth concedes that the latter conviction must be reversed because the evidence about the particular drug(s) involved was insufficient. As to the conviction of driving to endanger, the defendant claims that his jury waiver colloquy was so "pervaded by an aura of bumble,"

*Commonwealth* v. *Mosby*, 11 Mass. App. Ct. 1, 17 n.12 (1980), that reversal of his conviction is required. While we agree that the colloquy was not a model of clarity or information, we conclude that "there was sufficient evidence contained in the colloquy, the jury waiver form, and defense counsel's certificate to support the judge's decision[] to accept the [defendant's] jury waiver[]." *Commonwealth* v. *Hernandez*, 42 Mass. App. Ct. 780, 785 (1997). (A transcript of the colloquy is set out in the Appendix to this opinion.)

There is no constitutional requirement of a "particular means of demonstrating the legality of [a jury] waiver." *Ciummei* v. *Commonwealth*, 378 Mass. 504, 508 (1979). In this Commonwealth, a signed written waiver is required, see G. L. c. 263, § 6; Mass.R.Crim.P. 19(a), 378 Mass. 888 (1979); Dist./Mun. Cts.R.Crim.P. 4(e), as well as an oral colloquy. See *Ciummei* v. *Commonwealth, supra* at 509. In the District Court there is also a defense counsel certificate confirming that trial counsel has explained to the defendant the characteristics of a jury trial forgone by executing a waiver. See G. L. c. 218, § 26A, as amended by St. 1992, c. 379, § 139; *Commonwealth* v. *Hernandez*, 42 Mass. App. Ct. at 781.

"The judge's task [in an oral colloquy] is to 'satisfy himself that any waiver by the defendant is made voluntarily and intelligently.' " *Commonwealth* v. *Pavao*, 423 Mass. 798, 800-801 (1996), quoting from *Ciummei* v. *Commonwealth, supra* at 509. Compare G. L. c. 278, § 29D (setting out specific words required in a plea colloquy). There is no dispute that the defendant signed a written waiver or that the judge engaged the defendant in an oral colloquy. Contrast *Commonwealth* v. *Wheeler*, 42 Mass. App. Ct. 933, 934 (1997). The challenge is to the adequacy of the colloquy.

We review to determine whether the colloquy, together with the defendant's signature on the waiver form and defense counsel's certification that he informed the defendant of his rights, G. L. c. 218, § 26A, provided a sufficient basis for the judge to accept the defendant's waiver of a trial by jury. See *Commonwealth* v. *Mendonca*, 50 Mass. App. Ct. 684, 690 (2001). There having been no objection to the colloquy at issue here, we review the process under the familiar standard set out

in *Commonwealth* v. *Freeman*, 352 Mass. 556, 563-564 (1967). See *Commonwealth* v. *Collado*, 426 Mass. 675, 678 & n.5 (1998).

In the course of the colloquy at issue here, the judge ascertained that the defendant knew he had signed the jury trial waiver, that he had done so willingly and voluntarily, that he knew what a jury trial was, that he had discussed the matter with his lawyer, that he was satisfied and knew what he was doing, and that he was forty-three years old, had a tenth grade education, and was born in this country. However, the judge failed to inform the defendant that a jury trial was a constitutional right or that the jury's verdict had to be unanimous, as *Ciummei* v. *Commonwealth*, 378 Mass. at 510, recommends. Nor did he describe the judge's function. Such omissions need not be fatal, however. See, e.g., *Commonwealth* v. *Hernandez*, 42 Mass. App. Ct. at 785 (colloquy "sparse" but evidence in colloquy, jury waiver form, and defense counsel's certificate sufficient to support waiver); *Commonwealth* v. *Wheeler*, 42 Mass. App. Ct. at 934 (colloquy adequate but reversed for lack of written waiver); *Commonwealth* v. *Mendonca*, 50 Mass. App. Ct. at 690-691 (evidence sufficient despite certain omissions).

The defendant further argues that the colloquy was "hopelessly muddled by the interpolation of wholly unrelated vocabulary exclusively relevant to the taking of a plea of guilty." It is this confusion that gives us pause. Following the defendant's affirmative answer to the question, "And do you know what a jury trial is?," the judge gave the following explanation ending with the key question:

> "You and your lawyer can participate in a selection process of seven Norfolk County jurors. Six of them decide your fate and not the judge and you can take the stand on your own behalf or not take the stand if you wish. And you can have your lawyer examine all of your witnesses and cross-examine all of the Commonwealth's witnesses. You have given all of that up. Have you done that willingly and voluntarily?"

The defendant claims that his "acknowledgment that a jury trial waiver meant relinquishing all his rights to produce proofs in

his favor and to confront the evidence against him, indicate[s] that in fact, [he] lacked true understanding of the limits, as well as the reach, of a jury-trial waiver." The Commonwealth counters that the colloquy "can be fairly read as indicating to the defendant that he was waiving his right to have the jury hear his testimony if he decided to take the stand and have the jury hear his witnesses and defense counsel's cross-examination of the Commonwealth's witnesses."

In evaluating the colloquy, we keep in mind that "in addition to considering the defendant's answers to the questions posed during the colloquy, a judge may also rely upon the information contained in the jury waiver form signed by the defendant and in defense counsel's certificate when making a determination whether the defendant's jury waiver is made voluntarily and intelligently. To hold otherwise would be to render the Legislature's mandate of a certificate from defense counsel meaningless." *Commonwealth* v. *Hernandez*, 42 Mass. App. Ct. at 785. This is so even when the colloquy is sparse. *Ibid.* Here, the judge had not only the signed forms, but also the defendant's acknowledgment that he talked to his lawyer about the waiver, that he was satisfied and knew what he was doing, and that his waiver was willing and voluntary. See *Commonwealth* v. *Mendonca*, 50 Mass. App. Ct. at 689-690.

There appears to be only one case, *Commonwealth* v. *Thomas*, 44 Mass. App. Ct. 521, 527-528 (1998), in which a judge confused the jury waiver colloquy with a guilty plea colloquy. In that case we determined that the colloquy was nevertheless adequate, but the case must fairly be said to be distinguishable. Not only had the facts supporting the counts at issue already been presented to a jury, but the confusion was apparently limited to a single sentence.

Most of the cases in which a colloquy has been held inadequate are also quite different from the case before us. In *Commonwealth* v. *Abreu*, 391 Mass. 777, 778 (1984), the judge asked only one conclusory question ("Felix Abreu, do I understand that you have waived your right to trial by jury and you want to have the case heard by a single justice through the interpreter?"). In *Commonwealth* v. *Pavao*, 423 Mass. 798 (1996), there was no colloquy at all. In *Commonwealth* v.

*Wheeler*, 42 Mass. App. Ct. at 934, there was no written waiver. See also *Commonwealth* v. *Towers*, 35 Mass. App. Ct. 557, 558-559 (1993), a District Court case tried before the 1992 amendment to G. L. c. 218, § 26A (colloquy failed to communicate difference between jury trial and trial by judge, and did not explore level of education or conditions of the defendant).

Determination of the adequacy of a colloquy depends upon the facts of each case. *Commonwealth* v. *Abreu*, 391 Mass. at 779. Here, "[t]he defendant does not claim that he was uninformed or misinformed by defense counsel, or that he was pressured or under any disability at the time of the colloquy." *Commonwealth* v. *Mendonca*, 50 Mass. App. Ct. at 690. Nor is there any evidence of a language problem or a different cultural background. Contrast *Commonwealth* v. *Abreu*, 391 Mass. at 780. That the defendant could have thought, if he took the judge's question literally, that his waiver was more extensive than the form and his lawyer indicated, did not create a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Collado*, 426 Mass. at 678 & n.5. Given the defendant's answers to the other questions, the written waiver, and his counsel's certification, there was sufficient support for the judge's decision to "accept [the defendant's] waiver [of] his right to a jury trial as willingly and voluntarily made."

*Conclusion.* Having reviewed the record and the briefs, notwithstanding the Commonwealth's concession, see *Commonwealth* v. *Clark*, 23 Mass. App. Ct. 375, 379 (1987), we agree with the Commonwealth that the defendant's conviction of operating a motor vehicle while under the influence of a drug must be reversed because the evidence regarding the drug(s) in question was insufficient to convict. The judgment on count two is accordingly reversed and the finding is set aside. The judgment on count one, negligent operation of a motor vehicle, is affirmed.

*So ordered.*

Commonwealth *v.* Ridlon.

APPENDIX.

JUDGE: "Okay, Mr. Ridlon, you know that you signed a waiver for your right to a jury trial, do you understand that?"

DEFENDANT: "Yes."

JUDGE: "And have you done that willingly and voluntarily?"

DEFENDANT: "Yes."

JUDGE: "And do you know what a jury trial is?"

DEFENDANT: "Yes."

JUDGE: "You and your lawyer can participate in a selection process of seven Norfolk County jurors. Six of them decide your fate and not the judge and you can take the stand on your own behalf or not take the stand if you wish. And you can have your lawyer examine all of your witnesses and cross-examine all of the Commonwealth's witnesses. You have given all of that up. Have you done that willingly and voluntarily?"

DEFENDANT: "Yes."

JUDGE: "Have your discussed the matter with your lawyer?"

DEFENDANT: "Yes."

JUDGE: "And you are satisfied and you know what you are doing?"

DEFENDANT: "Yes."

JUDGE: "Okay and how old are you?"

DEFENDANT: "I am forty-three."

JUDGE: "How far did you go in school?"

DEFENDANT: "The tenth grade."

JUDGE: "You were born in this country, were you?"

DEFENDANT: "Yes."

JUDGE: "Okay, now I will accept this waiver for his right to a jury trial as willingly and voluntarily made."