COMMONWEALTH *vs.* YASMANI QUEZADA. February 1, 2008. *Firearms. Constitutional Law,* Search and seizure. *Search and Seizure,* Emergency, Reasonable suspicion. *Protective Custody.*

The defendant has been charged in the Charlestown Division of the Boston Municipal Court Department with unlawful possession of a firearm. G. L. c. 269, § 10 (*a*). The firearm was seized from the defendant by a police officer who encountered him on the street in the company of another individual. The officer noticed that the defendant may have been injured and appeared to be "out of it" and "not fully aware of his surroundings." When the officer asked to speak with the defendant, he fled and the officer gave chase. The officer eventually caught and stopped the defendant and discovered the weapon on his person. The facts are recounted in greater detail in *Commonwealth* v. *Quezada,* 67 Mass. App. Ct. 693 (2006).

A judge in the Boston Municial Court allowed the defendant's motion to suppress the firearm. With leave of a single justice of this court, see Mass. R. Crim. P. 15 (b), as appearing in 422 Mass. 1501 (1996), the Commonwealth appealed to the Appeals Court. The Appeals Court affirmed the motion judge's ruling, holding that the officer's stop of the defendant was not justified by the so-called community caretaking function; by the protective custody statute, G. L. c. 111B, § 8; or by reasonable suspicion. *Commonwealth* v. *Quezada, supra* at 695-697. We then granted the Commonwealth's application for further appellate review.

Having carefully considered the record, the parties' briefs, the oral arguments, and the supplemental authorities cited by the Commonwealth, we hold that the motion judge's order should be affirmed for essentially the same reasons given by the Appeals Court.

*Order allowing motion to suppress affirmed.*

*Kathleen Celio,* Assistant District Attorney, for the Commonwealth.

*Frances A. King* for the defendant.