## Commonwealth *vs.* Juan Backus.

No. 09-P-113.

Essex. September 13, 2010. - January 20, 2011.

Present: McHugh, Katzmann, & Vuono, JJ.

*Practice, Criminal,* Trial by jury, Waiver of trial by jury. *Constitutional Law,* Trial by jury, Waiver of constitutional rights.

A District Court judge did not err in denying a criminal defendant's trial-day motion for a continuance and request for a jury trial, in which the defendant claimed that his waiver of a jury trial, made two months earlier in a proceeding before a different judge, was invalid, where the defendant's admission that he waived his right to a jury, the presence of the properly signed waiver form, and the docket entry stating that a colloquy preceded acceptance of the waiver imposed on the defendant the burden of showing that his waiver was invalid, which the defendant, who made no claim that the colloquy was defective, completely failed to carry [628-630]; further, the judge did not err in denying the defendant's postconviction motion for a new trial, which was accompanied by a psychologist's affidavit opining that the defendant had lacked the substantial capacity to waive his right to a jury trial, where the judge had the benefit of her previous interaction with the defendant and was not required to accept the psychologist's conclusion that he was incompetent [630].

Complaint received and sworn to in the Haverhill Division of the District Court Department on June 11, 2007.

The case was heard by *Patricia A. Dowling,* J., and a motion for new trial, filed on June 2, 2009, was heard by her.

*Kevin R. Prendergast* for the defendant.

*Kenneth Bresler,* Assistant District Attorney, for the Commonwealth.

McHugh, J. After a jury-waived trial, the defendant was convicted of assault and battery. See G. L. c. 265, § 13A. Viewed properly, see *Commonwealth* v. *Latimore,* 378 Mass. 671, 676-677 (1979), the evidence supported a conclusion that the defendant drove from Massachusetts to New Hampshire, picked up his

ex-girlfriend, and then drove around for about one and one-half hours, all the while punching her in her face. He appeals, claiming that, for reasons we shall discuss, his waiver of a jury trial was invalid. We affirm.

On the day the case was called for trial — the eleventh occasion on which the case had been before the court and the third trial date — defense counsel objected to going forward and informed the judge that the defendant, who had waived his right to a jury trial in a proceeding two months earlier before a different judge (waiver judge), now wished to withdraw the waiver and proceed with a jury trial. Counsel also informed the judge that the defendant had just informed him of unnamed, undescribed alibi witnesses whom he had not had time to subpoena.

At that point, the judge ordered that the defendant be sworn. In response to one of the judge's ensuing questions, the defendant agreed that he had signed a jury trial waiver form several weeks earlier. The following colloquy ensued:

> THE COURT: "Were you in custody [when you signed the waiver form]?"
>
> DEFENDANT: "Yes."
>
> THE COURT: "And [the waiver judge] allowed it. He does a very thorough colloquy. I'm sure he had a conversation with you at that time to ask you if you understood it. Was there something about this that you didn't understand?"
>
> DEFENDANT: "Yes, I was kind of mad that I've been coming to Court so much. I wanted to get it over with. I don't know the fastest way to get it over with, so that's what I did."
>
> THE COURT: "So . . ."
>
> DEFENDANT: "I understand . . ."
>
> DEFENDANT'S COUNSEL: "That answers that, I think."
>
> DEFENDANT: "Hold on, you cut me off."
>
> THE COURT: "Let him speak."
>
> DEFENDANT: "I didn't understand all that about a jury trial

until one of the inmates downstairs explained it to me today that went to trial."

After a brief additional colloquy regarding how long the defendant had been held in custody, the judge said as follows:

"[A]fter you signed this waiver — there's no doubt in my mind you understood what you were doing when you signed this. You speak English. [Your lawyer] is an excellent attorney. He's extremely thorough. [The waiver judge] is extremely thorough in his conversations with people about these issues. There's no doubt in your mind that you knew what you were doing when you signed it. And then you came back to Court for trial on December 19. You came back to Court again on January 15. And then you're here today on February 6. There comes a point where we have to move on. If I thought that you couldn't speak English, or that you had some problem with the English language, that would be an issue. But there's no doubt in my mind that you knew what you were doing when you waived your right to have a Jury trial. The alibi witness, I'll start the trial today. We're not going to finish it today in all actuality."

The form to which the judge referred was a standard waiver form containing a section entitled "waiver of right to be tried by a jury," which the defendant had signed, a section entitled "defense counsel's certificate," which the defendant's attorney had signed, and a section entitled "judge's certificate," which was labeled "optional," and which included the following printed language: "After a colloquy with the above-named defendant, I find that the defendant's waiver of the right to jury trial is knowing, intelligent and voluntary, and is accepted." That section was unsigned. Whatever colloquy occurred was not recorded or otherwise transcribed, and the record contains no secondary evidence of what transpired at the colloquy, though the record does contain a docket entry in which a box labeled "waiver of jury found after colloquy" has been checked.

The trial proceeded and the defendant was found guilty. After the conviction and after the appeal had been docketed, he filed a motion for a new trial accompanied by a psychologist's report

opining, on the basis of records and interviews with the defendant, that the defendant "lacked the substantial capacity to knowingly, voluntarily, and intelligently waive his right to a jury trial." The motion sought a new trial based on the defendant's lack of competence and what he claimed was ineffective assistance of counsel based on his attorney's failure to raise the competency question. The motion was not accompanied by an affidavit from trial counsel or from the defendant himself.

After hearing, the judge denied the motion with an endorsement stating:

> "7/31/09 Defendant has produced an opinion of a [psychologist] that defendant's judgment was impaired when he waived his jury trial rights on 11/29/07. However, the defendant appeared in Court on more than ten occasions and competency was never raised as an issue; there were at least two separate dates scheduled for bench trial and one 'status' date after defendant tendered his waiver of jury trial; and defendant was represented by the same attorney from at least 9-4-07 until the conclusion of the bench trial on 2-6-08. I find there is insufficient evidence to find that counsel's representation fell below the level of competence demanded of attorneys. Nor is there sufficient evidence to invalidate his jury waiver. The motion is denied."[1]

Dealing first with the trial-day motion for a continuance and request for a jury trial, "once a jury trial has been knowingly and intelligently waived, a defendant does not have an absolute right to withdraw or revoke the waiver. . . . Rather, it is within the trial judge's discretion whether a defendant should be permitted to withdraw his waiver." *Commonwealth* v. *Kopsala*, 58

---

[1]During the course of the hearing on the new trial motion, at which no evidence was taken, the assistant district attorney stated, without challenge, the following:

> "[The waiver judge] gave an extensive colloquy, as is his practice, in this court. I don't think I've ever been before a judge that gives such an extensive colloquy both upon taking a plea or upon somebody waiving their jury rights. It's long, it's slow. He pauses any time that he feels that he's not getting an understanding coming from the defendant. He reiterates, he repeats. I believe [the waiver judge] takes great pride in that. It is something that is his practice. It certainly was done in this case. I don't think counsel's stating that it wasn't done."

Mass. App. Ct. 387, 391 (2003). A valid waiver, in turn, requires both a signed waiver certificate, see G. L. c. 218, § 26A; G. L. c. 263, § 6; Mass.R.Crim.P. 19(a), 378 Mass. 888 (1979), and a colloquy designed to insure that the waiver is voluntary. *Ciummei* v. *Commonwealth*, 378 Mass. 504, 509 (1979). "So long as a colloquy occurs, the sole focus of our review is whether the colloquy has provided an evidentiary record upon which the trial judge could find the waiver of a defendant was voluntary and intelligent." *Commonwealth* v. *Abreu*, 391 Mass. 777, 779 (1984).

Here, the judge had before her the defendant's signed waiver, his attorney's certificate that he had explained to the defendant the essential consequences of the waiver decision, and a docket notation indicating that a colloquy had preceded judicial acceptance of the waiver. The colloquy, however, was not recorded, compare *Ciummei* v. *Commonwealth*, 378 Mass. at 511 ("the colloquies by clerk-magistrates would be recorded, just as they will be when conducted by the judges"), and the judge had no basis for using her knowledge about the waiver judge's colloquy practices to fill that void.[2]

In our view, however, the defendant's admission that he waived his right to a jury, the presence of the properly signed waiver form, and the docket entry stating that a colloquy preceded acceptance of the waiver imposed on the defendant the burden of showing that the waiver was invalid. Wherever the burden may lie under other circumstances, imposing the burden on the defendant in cases like this one gives appropriate recognition both to the importance of the right to trial by jury, see generally *Commonwealth* v. *Osborne*, 445 Mass. 776, 778-781 (2006) (discussing burdens of proof in various contexts), and to the "normal presumption of regularity accorded the earlier proceedings," *Commonwealth* v. *Pingaro*, 44 Mass. App. Ct. 41, 49 (1997), particularly proceedings for which no specific rules of conduct have been created. See *Ciummei* v. *Commonwealth*, 378 Mass. at 508-510 (although offering suggested guidelines, court declined to "constitutionaliz[e]" a particular form of jury-waiver colloquy).

---

[2]Indeed, in the present context, the judge's description of those practices embodies the kind of fact-specific information a witness ordinarily provides. See Mass. G. Evid. § 605 (2010).

On this record, the defendant completely failed to carry that burden. Represented and accompanied by the lawyer who had signed the certificate and who had been with him during the waiver proceedings, the defendant made no claim that the colloquy was defective, nor did he proffer any such claim during subsequent hearings or filings. The defendant's articulated reason for the waiver was rational even if it did not represent the choice others might have made in comparable circumstances. Compare, e.g., *Commonwealth* v. *Wheeler*, 42 Mass. App. Ct. 933, 933-934 (1997). His claim that he did not understand "all that about a jury trial" until he received an explanation earlier in the morning from one of the "inmates downstairs" flies in the face of defense counsel's signed certificate describing what he had explained at the critical time. Moreover, the record contains no description of what "all that" was or why and how "all that" differed from the information the defendant's attorney had provided.

The defendant's claims regarding the new trial motion can be quickly resolved. The judge had the benefit of her interaction with the defendant on the day of trial and was not required to accept the psychologist's conclusion that he was incompetent. See generally *Commonwealth* v. *Furr*, 454 Mass. 101, 106 (2009) (in the context of a motion to withdraw a guilty plea, the "judge may decide the motion based solely on the submitted affidavits, and the weight and credibility to be accorded those affidavits are within the judge's discretion. . . . 'The motion "is addressed to the sound discretion of the trial judge, and . . . will not be reversed unless it is manifestly unjust, or unless the [proceeding] was infected with prejudicial constitutional error" ' "). Accordingly, the judge's disbelief of the psychologist's affidavit would be sufficient basis for denying the motion. Although the judge did not explicitly say that she disbelieved the psychologist, she did say that there was not "sufficient evidence to invalidate" the jury waiver, thus signifying that the affidavit was insufficiently persuasive to carry the defendant's burden.

*Judgment affirmed.*

*Order denying motion for new trial affirmed.*